IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| DIANA MEY, individually and on behalf of a class of all persons and entities similarly situated,<br><br>　　　　　Plaintiff<br><br>vs.<br><br>INTERSTATE NATIONAL DEALER SERVICES, INC.,<br>DEALER SERVICES COPORATION,<br>ALL AMERICAN AUTO PROTECTION, INC.<br><br>　　　　　Defendants. | Case No. 14-cv-01846-TWT<br><br>CLASS ACTION |

**PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS TO
<u>INTERSTATE NATIONAL DEALER SERVICES, INC.</u>**

Plaintiff Diana Mey requests that defendant Interstate National Dealer Services, Inc. (hereinafter "Interstate National") respond to the following interrogatories and document requests. Documents should be copied and sent to plaintiff's counsel on the date the response is due.

Throughout this request:

1.　　Unless otherwise specified in a particular paragraph, the time period covered by this request is four years prior to the filing of the Complaint in this action.

2. "AAAP", refers to the co-defendant All American Auto Protection, Inc., including all predecessor companies.

3. "Dealer Services Corporation" refers to the co-defendant Dealer Services Corporation, including all affiliated or predecessor companies, including, but not limited to, N.C.W.C., Inc.

4. If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed.

5. If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); and (c) an explanation of the circumstances surrounding the disposition of the document.

6. All requests are also directed to all parent, related, affiliate and subsidiary companies of defendants, to the greatest extent permissible under the discovery rules. Moreover, defendants are to make transparent, best efforts to

obtain materials from third parties such as vendors, which are within their "possession, custody or control" as those terms appear in Fed. R. Civ. P. 34.

7. For any request, if you contend that providing a complete response to any request is impracticable or impossible, please provide the most complete response as possible, explain what components or responsive information or documents are missing, and why you contend production of those materials is impossible or impracticable.

8. If you contend that any paragraph of this request is ambiguous or unduly burdensome, please contact the undersigned immediately upon recognition of this contention, and an effort will be made to remedy the problem.

9. A. The term "document" includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written and/or produced by hand: ledgers; notes; correspondence; communications of any nature; telegrams; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; reports; publications; photographs; microfilm, microfiche, and similar media; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; court papers; brochures; pamphlets; press releases; drafts of, or revisions of drafts of, or transcriptions of, any document; tape recordings; dictation belts; invoices; bills; accounting records;

telephone toll records; and disks, tapes, and other magnetic or electronic information storage media. Any document or reproduction of a document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment or any notation of any character and not a part of the original text, is to be considered a separate document.

10. References to "you" or any named entity or individual includes agents, employees, and attorneys of that person, whether or not acting within the scope of their authority; all other persons acting on behalf of the person referred to; and in the case of an entity, its merged or acquired predecessors.

11. "Person" includes any individual, corporation, partnership, joint venture, firm, association, proprietorship, governmental agency, board, authority, or commission, or other entity.

12. "Identify" or "identification," when used with respect to a person, means to state the name, last known address, telephone number, and if a corporation or other entity, the principal place of business of the person.

13. "Identify" or "identification," when used with respect to a document, means to state the general nature' of the document (i.e., letter, memorandum, etc.); the location of the document; the name of the author or originator; each addressee; all individuals designated on the document to receive a copy or otherwise known to

have received a copy; the date, title, and general subject matter of the document; the present custodian of each copy thereof and the last known address of each such custodian; and the date of the making of the document and all revisions.

14.     "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

15.     "Identify" or "identification," when used with respect to a communication, means to state the date of the communication; the type of communication (i.e., telephone conversation, meeting, etc.); the place where the communication took place; the identification of the person who made the communication; the identification of each person who received the communication and of each person present when it was made; the location of the data/hard copy of the communication and the subject matter discussed.

16.     "Relates" includes constitutes, describes, discusses, reflects, refers to, and logically pertains to.

17.     "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, implementing regulations 47 C.F.R. 64.1200, and all valid FCC rulings and opinions interpreting such.

18. All documents within your possession, custody, or control or that of your agents, employees, and attorneys shall be produced. Without limitation of the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person having actual possession thereof.

19. To the extent any paragraph is objected to, please set forth all reasons for your objection.

20. If you prefer, you may provide legible copies of document that reflect all markings, notations, and highlighting on the originals.

21. Documents to be produced shall be either (1) organized as they are kept in the usual course of business or (2) organized and labeled to correspond with the paragraphs of the request for production.

22. The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

23. To the extent that any document cannot be furnished, such documents as are available shall be supplied, together with a description of the documents not furnished and the reason for not furnishing them.

24. "And" and "or" shall be interpreted to mean "and/or," so that said terms are given their broadest possible meaning.

## INTERROGATORIES

1. Identify all complaints of any kind (e.g., consumer, regulatory, pre-litigation, litigation) made to you concerning telephone calls that were made using prerecorded messages, to cellular telephones, or to anyone on any state or national do not call registry, and identify any action taken by you (or others on your behalf) with regard to such complaints.

2. Please identify by providing a description of all of the contact and job description information you have, of all persons at any time who dealt with or are responsible for, receiving, maintaining, investigating, and responding to consumer telemarketing complaints that concern your company.

3. Please explain in detail the nature of the relationship between the co-defendant Dealer Services Corporation and AAAP and your company at any time in the four years prior to the filing of the Complaint in this matter.

4. Regarding Dealer Services Corporation and/or AAAP or any other person or entity that has engaged in telemarketing that your company sold goods or services to, or otherwise promoted your goods:

   a. Please state the total annual amount you paid to or received from the person or entity;

   b. Please state the total annual amount of any noncash compensation (*e.g.*, rebates, purchase credits, credit lines, or discounts) you provided to the person or entity;

c. Please identify any form of financial support you have provided to the person or entity to offset the cost of, or finance, their sales or marketing activities.

5. Please identify any person or entity (whether employed by you or not) who has been disciplined, reprimanded, or similar action taken because of actual, perceived or alleged engagement in, facilitating, or allowing allegedly unlawful or unauthorized telemarketing of your goods or services to occur. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person or entity.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

Please produce:

1. All documents, records, data, recordings and other materials relating to plaintiff, or which are indexed, filed, or retrievable under any of them, or any number, symbol, designation or code (such as an account number, user ID and/or password) associated with any of them.

2. All documents concerning any complaint of any kind (e.g., consumer, regulatory, pre-litigation, litigation) concerning telephone calls that may have been made using a prerecorded message, to cellular telephones OR to numbers on the any State or National Do Not Call list for calls made by you or calls made for leads

that were sold to you. Include, for example, the complaints themselves, abstracts or compilations of complaints, investigatory materials, and communications with complainants or their representatives.

3. All insurance policies that could possibly afford any coverage with respect to the matters complained of in this case, together with all correspondence and other documents discussing, accepting, or declining coverage or reserving rights with respect thereto.

4. All documents received from third parties that relate to this case, without regard to time. Responsive materials would include, for example, responses to subpoenas or informal discovery.

5. All documents sent to or received from the FTC, FCC, any State Attorney General, or other government entity, relating to allegations of unlawful telemarketing.

6. All documents referred to in, identified in, or that provide part or the entire basis for your responses to, any Interrogatory propounded by the Plaintiff.

7. All documents relating to the relationship you had with the co-defendant Dealer Services Corporation and/or AAAP, or any predecessor entity, at any time in the last four years.  This request seeks documents that include, but are not limited to:

   a. Any contract between the parties;

  b. Any document reflecting payments between the parties;

  c. Any purchases or sales to Dealer Services Corporation and/or AAAP, identifying what was purchased;

  d. Any document that mentions or relates to telemarketing exchanged between the parties.

  8. All documents concerning your efforts to comply with the TCPA. This request seeks documents that include, but are not limited to:

  a. Documents concerning any person or entity considered for approval as a vendor for any agent that performed telemarketing, including all documents concerning your pre-approval investigation or due diligence;

  b. Documents concerning your review or approval of any telemarketing scripts, telemarketing messages, or telemarketing campaigns used to promote the sale of your goods or services;

  d. Documents concerning your investigation of, and responses to formal or informal telemarketing complaints, including any internal correspondence, emails, notes, etc.;

  e. Documents between and among any of the Defendants concerning allegations or suspicions of illegal telemarketing.

Respectfully Submitted by Plaintiff Diana Mey,
By Counsel

*/s/ Edward A. Broderick*
Edward A. Broderick
Broderick Law, P.C.
125 Summer St., Suite 1030
Boston, MA  02110
(617) 738-7080
ted@broderick-law.com

Steven H. Koval
Attorney for Plaintiff
Georgia Bar No. 428905
THE KOVAL FIRM, LLC
3575 Piedmont Road
15 Piedmont Center, Suite 120
Atlanta, GA  30305
Telephone:  (404) 513-6651
Facsimile: (404) 549-4654
Steve@KovalFirm.com

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, Massachusetts 01760
(508) 655-1415
(508) 319-3077 *facsimile*
mmccue@massattorneys.net

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2014, I sent a copy of the foregoing to the following counsel of record via email:

Benjamin I. Fink
Berman Fink Van Horn P.C.
3475 Piedmont Road, Suite 1100
Atlanta, Georgia 30305
bfink@bfvlaw.com

Kenton Jones Coppage
Smith Moore Leatherwood LLP
1180 W. Peachtree St. NW, Suite 2300
Atlanta, GA 30309
kent.coppage@smithmoorelaw.com

Jeffrey L. Kingsley
Goldberg Segalla, LLP
600 Lexington Avenue
New York, NY 10022
jkingsley@goldbergsegalla.com

Mitchell Roth
Karen Doner
Roth Doner Jackson, PLC
8200 Greensboro Drive, Suite 820
McLean, VA 22102
mroth@rothdonerjackson.com

Thomas J. O'Grady
Goldberg Segalla
902 Carnegie Center
Princeton, NJ 08540
togrady@goldbergsegalla.com

/s/ *Edward A. Broderick*
Edward A. Broderick