IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| DIANA MEY, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>INTERSTATE NATIONAL DEALER SERVICES, INC.,<br>DEALER SERVICES CORPORATION,<br>ALL AMERICAN AUTO PROTECTION, INC.<br><br>Defendants. | Case No. 14-cv-01846-TWT<br><br>CLASS ACTION |

TO:   Edward A. Broderick
      Broderick Law, P.C.
      125 Summer St., Suite 1030
      Boston, MA  02110
      ted@broderick-law.com

      Steven H. Koval
      THE KOVAL FIRM, LLC
      3575 Piedmont Road
      15 Piedmont Center, Suite 120
      Atlanta, GA  30305
      Steve@KovalFirm.com

      Matthew P. McCue
      The Law Office of Matthew P. McCue
      1 South Avenue, Suite 3
      Natick, Massachusetts 01760
      mmccue@massattorneys.net

COUNSEL:

Defendant Interstate National Dealer Services, Inc. (hereinafter "Defendant"), hereby makes the following response to Plaintiff's First Set of Discovery Requests.

**GOLDBERG SEGALLA LLP**
Attorneys for Defendant,
Interstate National Dealer Services, Inc.

By: /s/ *Thomas J. O'Grady*
Thomas J. O'Grady

Dated: November 10, 2014

## **GENERAL STATEMENT AND OBJECTIONS**

Defendant will continue its investigation into the matter inquired about in these Requests. However, Defendant cannot exclude the possibility that it will obtain other information responsive to these Requests or even information which indicates that the answers herein supplied are not correct. Defendant will provide such additional information as is required by the appropriate Court Rule(s).

Defendant answers these Requests based on information reasonably available to it, its agents, employees and attorneys, in accordance with the appropriate Court Rule(s) and in the manner set forth in the attached Certification. However, except where specifically indicated, Defendant is not responding to these Requests based upon any documents produced by plaintiff.

Defendant objects to responding to these Requests to the extent that the information sought is protected by the attorney work product doctrine or attorney-client privilege. Defendant objects to these Requests to the extent it seeks information which is known by or in the possession, custody or control of, persons other than Defendant. Defendant further objects to these Requests to the extent that it seeks proprietary information.

Finally, Defendant is producing information pursuant to the appropriate Court Rule(s) and in the spirit of cooperation, but Defendant does not waive any evidentiary or other objections to the materials contained herein.

Defendant hereby incorporates the above objections into each of its responses as if the objections were set forth in their entirety in each response.

## INTERROGATORIES

1.      Identify all complaints of any kind (e.g., consumer, regulatory, pre-litigation, litigation) made to you concerning telephone calls that were made using prerecorded messages, to cellular telephones, or to anyone on any state or national do not call registry, and identify any action taken by you (or others on your behalf) with regard to such complaints.

**RESPONSE: On or about March 28, 2014, Paul Edwards of Las Vegas, NV sent a draft Complaint to Defendant regarding alleged actions of AAAP. (Related documentation produced herewith.) That matter was settled under confidential terms in June 2014. Michael Bollinger, III of Bel Air, MD sent a letter on or about October 17, 2014. Defendant responded by email/correspondence dated Oct. 24, 2014. (Related documentation produced herewith.) Eric J. Curry of Foxborough, MA sent a letter on or about July 5, 2014. (Related documentation produced herewith.)**

2.      Please identify by providing a description of all of the contact and job description information you have, of all persons at any time who dealt with or are responsible for, receiving, maintaining, investigating, and responding to consumer telemarketing complaints that concern your company.

**RESPONSE: Objection: This Interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the production of admissible evidence. Without waiver of this objection, Defendant is aware of three complaints (*see* Response to No. 1). Two of those matters (Edwards and Bollinger) were brought to the attention of General Counsel, Suzanne Moon. Employees of Interstate involved in the other matter (Curry) were Krystina Lowery, Legal Assistant; Krista Rolleri, Program Manager – National Accounts;**

Brian Becker, Senior Vice President; and Jeff Neely, Account Manager - National Accounts.

3. Please explain in detail the nature of the relationship between the co-defendant Dealer Services Corporation and AAAP and your company at any time in the four years prior to the filing of the Complaint in this matter.

RESPONSE: Objection: This Interrogatory is vague as written with respect to "the relationship between the co-defendant Dealer Services Corporation and AAAP and your company ..." Without waiver of this objection, there is no relationship between Defendant, Dealer Services Corporation and AAAP. By way of further response, on October 17, 2012, Defendant entered into a Direct Marketing Agreement ("DMA") with Precise Auto Protection ("Precise") for Precise to market Service Contracts administered by Defendant. A Novation Agreement of December 10, 2013 provided for AAAP to be substituted for Precise with respect to the October 17, 2012 DMA. Defendant subsequently entered into a DMA with AAAP on December 18, 2013. The DMA with AAAP was terminated on or about June 18, 2014.

Defendant has previously contracted with Dealer for marketing services, however, no relationship with Defendant has existed since approximately April of 2013.

4. Regarding Dealer Services Corporation and/or AAAP or any other person or entity that has engaged in telemarketing that your company sold goods or services to, or otherwise promoted your goods:

  a. Please state the total annual amount you paid to or received from the person or entity;

  b. Please state the total annual amount of any noncash compensation (*e.g.*, rebates, purchase credits, credit lines, or discounts) you provided to the person or entity;

c.     Please identify any form of financial support you have provided to the person or entity to offset the cost of, or finance, their sales or marketing activities.

**RESPONSE: Objection: This Interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the production of admissible evidence.**

5.     Please identify any person or entity (whether employed by you or not) who has been disciplined, reprimanded, or similar action taken because of actual, perceived or alleged engagement in, facilitating, or allowing allegedly unlawful or unauthorized telemarketing of your goods or services to occur. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person or entity.

**RESPONSE:   Defendant does not make telemarketing calls, and no employee or entity has been disciplined or reprimanded.**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All documents, records, data, recordings and other materials relating to plaintiff, or which are indexed, filed, or retrievable under any of them, or any number, symbol, designation or code (such as an account number, user ID and/or password) associated with any of them.

**RESPONSE: Objection: This Interrogatory is overbroad. Without waiver of this objection, no responsive documents at this time.**

2. All documents concerning any complaint of any kind (e.g., consumer, regulatory, pre-litigation, litigation) concerning telephone calls that may have been made using a prerecorded message, to cellular telephones OR to numbers on the any State or National Do Not Call list for calls made by you or calls made for leads that were sold to you. Include, for example, the complaints themselves, abstracts or compilations of complaints, investigatory materials, and communications with complainants or their representatives.

**RESPONSE:** *See* **INDS 0086 – 0165, 0171 – 0177.**

3. All insurance policies that could possibly afford any coverage with respect to the matters complained of in this case, together with all correspondence and other documents discussing, accepting, or declining coverage or reserving rights with respect thereto.

**RESPONSE: Objection: This Interrogatory is overbroad, unduly burdensome and not reasonably calculated to lead to the production of admissible evidence. Without waiver of this objection,** *see* **INDS 0004 – 0024.**

4. All documents received from third parties that relate to this case, without regard to time. Responsive materials would include, for example, responses to subpoenas or informal discovery.

**RESPONSE: Objection: This Interrogatory is overbroad. Without waiver of this objection, no responsive documents at this time.**

5. All documents sent to or received from the FTC, FCC, any State Attorney General, or other government entity, relating to allegations of unlawful telemarketing.

**RESPONSE: None.**

6. All documents referred to in, identified in, or that provide part or the entire basis for your responses to, any Interrogatory propounded by the Plaintiff.

**RESPONSE: Objection: This Interrogatory is overbroad, vague and unduly burdensome. Without wavier, Interstate references records contemporaneously being produced.**

7. All documents relating to the relationship you had with the co-defendant Dealer Services Corporation and/or AAAP, or any predecessor entity, at any time in the last four years. This request seeks documents that include, but are not limited to:

   a. Any contract between the parties;

   b. Any document reflecting payments between the parties;

   c. Any purchases or sales to Dealer Services Corporation and/or AAAP, identifying what was purchased;

   d. Any document that mentions or relates to telemarketing exchanged between the parties.

**RESPONSE: Objection: This Interrogatory is overbroad, unduly burdensome and not reasonably calculated to lead to the production of admissible evidence. Without waiver of this objection,** *see* **INDS 0025 – 0085, 0166 – 0170.**

8. All documents concerning your efforts to comply with the TCPA. This request seeks documents that include, but are not limited to:

    a. Documents concerning any person or entity considered for approval as a vendor for any agent that performed telemarketing, including all documents concerning your pre-approval investigation or due diligence;

    b. Documents concerning your review or approval of any telemarketing scripts, telemarketing messages, or telemarketing campaigns used to promote the sale of your goods or services;

    d. Documents concerning your investigation of, and responses to formal or informal telemarketing complaints, including any internal correspondence, emails, notes, etc.;

    e. Documents between and among any of the Defendants concerning allegations or suspicions of illegal telemarketing.

**RESPONSE: Objection: This Interrogatory is overbroad and unduly burdensome. Without waiver of this objection,** *see* **INDS 0001 – 0002, 0025- 0085, 0086 – 0165, 0171 – 0177.**

## VERIFICATION

I, Brian Becker, hereby certify that I have read the foregoing Responses to Plaintiffs' Interrogatories on behalf of Interstate National Dealer Services, Inc.; that I reserve the right to make any changes in the answers if it appears that more accurate information is available; and that subject to the limitations contained herein, the said answers are accurate to the best of my knowledge or in accordance with the business records/information of the company.

I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing statements are true and correct on this ____ day of _____, 2014.

*/s/ Brian Becker*
BRIAN BECKER
Senior Vice President
Interstate National Dealer Services, Inc.

3266898v1