IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DIANA MEY, individually and on behalf of a class of all persons and Entities similarly situated, ) ) ) ) Plaintiff ) ) v. ) ) INTERSTATE NATIONAL DEALER ) SERVICES, INC., DEALER SERVICES ) CORPORATION, ALL AMERICAN ) AUTO PROTECTION, INC. ) ) Defendants ) | CIVIL ACTION FILE<br><br>NO. 1:14-cv-01846-ELR |

**OPPOSITION OF DEFENDANT INTERSTATE NATIONAL DEALER SERVICES, INC. TO PLAINTIFF'S MOTION TO QUASH SUBPOENA**

Defendant, Interstate National Dealer Services, Inc. ("Interstate") files this in opposition to Plaintiff's Motion to Quash Subpoena.

**PRELIMINARY STATEMENT**

Plaintiff Diana Mey's website promotes her as an anti-telemarketing pioneer who has brought many class action lawsuits pertaining to the Telephone Consumer Protection Act ("TCPA"). In this case – involving her individual claims (that she received numerous calls in violation of the TCPA) and those she seeks to make as a class representative – she has sought a vast amount of information and voluminous documentation from defendants and third-parties. By moving to quash

a subpoena served on her telephone service provider, AT&T, Plaintiff now resists the production of her own telephone records – other than those covering an abbreviated period of time – despite the fact that such information is directly relevant to her individual claims, potential defenses, and whether she would be a proper class representative (if a class were to ultimately be certified). Plaintiff's motion should, accordingly, be denied.

## STATEMENT OF RELEVANT FACTS

This action pertains to telephone calls that the individually named Plaintiff, Diana Mey, allegedly received in violation of the Telephone Consumer Protection Act ("TCPA"). She initially alleged that the calls were made by Interstate or by alleged agents of Interstate – including Defendants All American Auto Protection, Inc. ("AAAP") and N.C.W.C., Inc. ("N.C.W.C.", formerly named as Dealer Services Corporation) – for whom she claims Interstate should be held vicariously liable.

The Complaint consists of two claims under the TCPA. One, that telemarketing calls were made without consent to numbers listed on the Do Not Call Registry in violation of 47 U.S.C. § 227(c).[1] Two, that calls were made through an autodialing system to numbers assigned to a cellular telephone service in violation of 47 U.S.C. § 227(b)(1). Plaintiff accordingly seeks certification of

---

[1] An actionable claim arises if a consumer on the Do Not Call Registry receives more than one call in a twelve-month period.

two classes (one for each type of alleged TCPA violation), for persons called over a four-year period prior to the filing of the Complaint (June 12, 2010 through June 12, 2014).

Plaintiff Mey has a significant history of TCPA actions. In her answers to interrogatories she identified five presently pending and or past TCPA lawsuits she has filed.

Plaintiff's Initial Complaint alleged calls made by defendants to her allegedly in violation of the TCPA on various dates during the period of March 20, 2014 through April 7, 2014.[2] She subsequently expanded those allegations, asserting in discovery that calls were made by the defendants at various times between December 2012 and June of 2014, and that certain of those calls were made by another agent of Interstate named U.S. Direct Protect ("U.S. Direct"). In fact, Plaintiff recently amended the complaint to name U.S. Direct as a defendant.[3]

Specifically, Plaintiff certified in interrogatory answers that:

> "I received telemarketing calls from Dealer Services on March 20, 2014, April 4, 2014, and April 7, 2014. These calls were all made to my cell phone number (304) 24x-xxxx that has long been listed on the National Do Not Call Registry. The calls were made to my cell using auto-dialer equipment prohibited by the TCPA. I also received additional calls originating from the same Caller Identification Numbers as the calls from Dealer Services on **January 5, 2013** and **December 22, 2012**. I believe these are additional

---

[2] *See* Plaintiff's Complaint (Docket No. 1), at ¶¶ 25 – 39.
[3] *See* Plaintiff's Amended Complaint (Docket No. 129).

telemarketing calls made by or on behalf of the defendants to this litigation. On March 27, 2014, I received a telemarketing call promoting Interstate from defendant AAA Auto Protection. This call was made to my cell phone number (304) 28x xxxx. On **April 17, 2013**, I received a telemarketing call promoting Interstate from US Direct Protect. This call was also made to my cell (304) 24x-xxxx from CID (469) 60x xxxx. I received another call from this CID to the same cell phone number on June 19, 2014. Audio recordings of all of these calls that are in my possession have or will be produced." (Emphasis added.)[4]

Plaintiff has produced in this litigation audio recordings of some of the alleged calls, as well as audio recordings of calls she purportedly made in response to calls received.

Interstate initially obtained, via subpoena from AT&T, telephone records for the number at which Plaintiff Mey alleged she received the calls, for the period of March 2014 – June 2014. Plaintiff produced in discovery her telephone statements for the period of December 12, 2013 through July 11, 2014.

On or about April 30, 2015, Interstate served another, broader, subpoena on AT&T to obtain records telephone records for the number at which Plaintiff Mey alleged she received the calls for the period of May 1, 2010 through June 30, 2014. Plaintiff objected to the subpoena and filed the subject motion to quash.

---

[4] *See* Exhibit A, Plaintiff's Answers to Interrogatories.  Interstate has partially redacted the telephone numbers herein and in the exhibit attached hereto.

## LEGAL ARGUMENT

### The Subpoena is Reasonably Calculated to Lead to the Production of Admissible Evidence

The history of calls received and made by Plaintiff Mey are patently in issue and pertinent to her claims and credibility, as well as potential defenses. Under the Federal Rules of Civil Procedure, a party is permitted to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . ." FED. R. CIV. P. 26(b)(1). The information sought does not need to be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*.

Plaintiff has asserted that calls were made to her by the defendants during a much broader period of time than she initially alleged in her Complaint, yet, she is attempting to prevent disclosure of information directly on point. Furthermore, defendants are clearly entitled to information to verify the call history alleged by Plaintiff and to explore issues such as whether Plaintiff – a TCPA enforcement activist – responded to calls in some fashion or was involved in communications preceding those calls that may have solicited future calls or otherwise impacted the actions of the parties.

Notably, Plaintiff alleges that three of the alleged calls to her were made by defendants prior to October 16, 2013, which is the date on which the "prior express consent" exception under the TCPA changed to make written consent a

requirement for the exception. Specifically, Plaintiff stated in her answers to interrogatories that calls were made to her on December 22, 2012, January 15, 2013, and April 17, 2013. Plaintiff now tries to deny that those calls are of any relevance, arguing that she intends to file a stipulation of dismissal as to Defendant, N.C.W.C., who she <u>contends</u> was responsible for the calls in December 2012 and January 2013. (Pb at 7, fn 9). However, Plaintiff has not yet made any such stipulation and, even assuming she does, Interstate is entitled to information that may or may not corroborate what she has alleged in her certified answers to interrogatories. Moreover, Plaintiff ignores the fact that she attributes the call of April 17, 2013 to defendant U.S. Direct.

Notwithstanding the fact that Plaintiff's phone records are directly relevant to the claims and defenses, information gleaned from her phone records may bear upon her credibility, which is an important, relevant factor in every litigation. *See, e.g.*, *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500-501 (6th Cir. 1970) (allowing discovery reasonably calculated to lead to admissible evidence pertinent to plaintiff's credibility); *Trident Steel Corp. v. Reitz*, 2012 U.S. Dist. LEXIS 176594 at *2 (E.D. Mo., Dec. 13, 2012) (allowing discovery that may show bias and/or relate to credibility); *Barren v. Coloma*, 2012 U.S. Dist. LEXIS 49882 at *9 (D. Nev., April 10, 2012) (Plaintiff's prior civil litigation history appears reasonably calculated to lead to the discovery of admissible evidence which may

have some bearing on his credibility or claim for damages). *See*, *also*, *Davidson Pipe Co. v. Laventhol and Horwath*, 120 F.R.D. 445, 462 (S.D.N.Y 1988) ("[d]efining the scope of discovery related to impeachment is troublesome; the areas to be probed to test a witness' credibility are virtually limitless.").

In this action, issues pertaining to Plaintiff's credibility take on more significance and are subject to particularly careful assessment because she is seeking appointment as the designated class representative. *See CE Design Ltd. V. King Architectural Metals, Inc.*, 637 F.3d 721 (7th Cir. 2011) (A named plaintiff who has serious credibility problems or who is likely to devote too much attention to rebutting an individual defense may not be an adequate class representative.).

In summary, not only is the subpoena for Plaintiff's phone records reasonably calculated to lead to admissible evidence, quashing the subpoena would block Interstate from accessing clearly relevant information.

## **Plaintiff's Privacy Arguments are Unfounded**

Plaintiff's argument that the subpoena "tramples" on her privacy rights and of the privacy rights of others (Pb at 2) does not outweigh Interstate's need for the discovery and also flies in the face of the fact that the information is subject to protections. A Protective Order has been entered in this case,[5] and, to the extent that Plaintiff believes that the subpoenaed materials fall outside the scope,

---

[5] *See* Protective Order (Docket No. 57).

Interstate has no objection to treating said records as Confidential in accordance with the terms of the Protective Order.  Thus, Plaintiff's objections to the subpoena based on privacy concerns are, at best, a red herring.

## CONCLUSION

For all of the foregoing reasons, defendant Interstate National Dealer Services, Inc. respectfully requests that Plaintiff's motion to quash subpoena be denied.

This 5th day of June, 2015.

*s/ Thomas J. O'Grady*
Thomas J. O'Grady
Admitted Pro Hac Vice
Attorney for Defendant
Interstate National Dealer Services, Inc.
GOLDBERG SEGALLA LLP
902 Carnegie Center, Suite 100
Princeton, NJ  08540-6530
609-986-1360 (Telephone)
*togrady@goldbergsegalla.com*

*s/ Jeffrey L. Kingsley*
Jeffrey L. Kingsley
Admitted Pro Hac Vice
Attorney for Defendant
Interstate National Dealer Services, Inc.
GOLDBERG SEGALLA LLP
600 Lexington Avenue, Suite 900
New York, NY  10022
716-566-5434 (Telephone)
*jkingsley@goldbergsegalla.com*

*s/ Kenton J. Coppage*
Kenton J. Coppage
Georgia Bar No. 187190
Attorney for Defendant
Interstate National Dealer Services, Inc.
SMITH MOORE LEATHERWOOD
Regions Plaza, Suite 2300
1180 West Peachtree Street
Atlanta, Georgia  30309
404-962-1000 (Telephone)
*kent.coppage@smithmoorelaw.com*

3787821v1

## CERTIFICATE OF SERVICE

The foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Steven H. Koval, Esq.
THE KOVAL FIRM, LLC
3575 Piedmont Road
15 Piedmont Center, Suite 120
Atlanta, Georgia 30305
Steve@KovalFirm.com

Edward A. Broderick, Esq.
Anthony Paronich, Esq.
BRODERICK LAW, P.C.
125 Summer Street, Suite 1030
Boston, MA 02110
ted@broderick-law.com
anthony@broderick-law.com

Matthew P. McCue, Esq.
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, Massachusetts 01760
mmccue@massattorneys.net

Mitchell Roth, Esq.
Karen Doner, Esq.
ROTH DONER JACKSON, PLC
Suite 820, 8200 Greensboro Drive
McLean, VA 22102
mroth@rothdonerjackson.com
kdoner@rothdonerjackson.com

Benjamin I. Fink, Esq.<br>
BERMAN FINK VAN HORN, P.C.<br>
3475 Piedmont Road, N.E., Suite 1100<br>
Atlanta, Georgia 30305<br>
bfink@bfvlaw.com

This 5th day of June, 2015.

<i><u>s/ Kenton J. Coppage</u></i><br>
Kenton J. Coppage