IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DIANA MEY, individually and on behalf of a class of all persons and entities situated, | |
| Plaintiff, | Case No.  1:14-cv-01846-ELR |
| vs. | CLASS ACTION |
| INTERSTATE NATIONAL DEALER SERVICES, INC., N.C.W.C., INC. d/b/a DEALER SERVICES, ALL AMERICAN AUTO PROTECTION, INC., DAVID CUNNINGHAM, and US DIRECT PROTECT LLC | |
| Defendants. | |

## ANSWER OF DEFENDANT INTERSTATE NATIONAL DEALER SERVICES TO FIRST AMENDED CLASS ACTION COMPLAINT AND CROSSCLAIMS

Defendant Interstate National Dealer Services, Inc. ("Interstate" or "Defendant"), by way of Answer to the First Amended Class Action Complaint, responds as follows:

### Preliminary Statement

1.      This paragraph contains legal conclusions to which no response is required, and in the alternative is denied.

2.      Denied.

3.      Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

4.      This paragraph contains legal conclusions to which no response is required, and in the alternative is denied.

5.      This paragraph contains legal conclusions to which no response is required, and in the alternative is denied.

6.      Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

### Parties

7.      Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

8.      Admitted in part and denied in part.  Specifically, it is denied that Interstate is a publicly traded company.

9.      Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

10.     Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

11.     Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

12.     Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

13.     Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

14.      Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

15.     This paragraph contains legal conclusions to which no response is required, and in the alternative is denied.

## Jurisdiction & Venue

16.     This paragraph contains legal conclusions to which no response is required, and in the alternative is denied.

17.     This paragraph contains legal conclusions to which no response is required, and in the alternative is denied.

## TCPA Background

18.     This paragraph contains legal conclusions to which no response is required, and in the alternative is denied.

19.     This paragraph contains legal conclusions to which no response is required, and in the alternative is denied.

**The TCPA prohibits telemarketing calls to numbers listed on the Do Not Call Registry, unless the caller has the recipient's signed, written consent**

20.     This paragraph contains legal conclusions to which no response is required, and in the alternative is denied.

21.     This paragraph contains legal conclusions to which no response is required, and in the alternative is denied.

22.     This paragraph contains legal conclusions to which no response is required, and in the alternative is denied.

23.     This paragraph contains legal conclusions to which no response is required, and in the alternative is denied.

## The TCPA bans autodialer calls to cell phones

24.     This paragraph contains legal conclusions to which no response is required, and in the alternative is denied.

25.     This paragraph contains legal conclusions to which no response is required, and in the alternative is denied.

## The TCPA imposes vicarious liability on third-parties who do not physically dial the calls

26.     This paragraph contains legal conclusions to which no response is required, and in the alternative is denied.

27.     This paragraph contains legal conclusions to which no response is required, and in the alternative is denied.

28.     This paragraph contains legal conclusions to which no response is required, and in the alternative is denied.


## Factual Allegations

## Dealer Services Corporation's Enrollment Center places a telemarketing call to Plaintiff on behalf of Interstate National Dealer Services, Inc.

29.     Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

30.     Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

31.     Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

32.     Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

33.     Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

34.     Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

35.     Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

36.     Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

37.     Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

38.     Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

39.     Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

40.     Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

41.     Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

## All American Auto Protection places a telemarketing call to Plaintiff on behalf of Interstate National Dealer Services

42.     Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

43.     Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

44.     Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

45. Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

46. Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

47. Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

48. Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

49. Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

50. Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

## US Direct Protect Places a Telemarketing Call to the Plaintiff on Behalf of Interstate National Dealer Services

51. Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

52. Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

53. Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

54.     Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

55.     Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

56.     Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

57.     Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

58.     Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

59.     Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

## **Interstate National Dealer Services authorizes third-party marketers to generate sales and is liable for the calls to the Plaintiff**

60.     Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

61.     Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

62.     Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

63.     Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

64.     Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

## Class Action Allegations

65.     This paragraph contains legal conclusions to which no response is required, and in the alternative is denied.

66.     This paragraph contains legal conclusions to which no response is required, and in the alternative is denied.

67.     This paragraph contains legal conclusions to which no response is required, and in the alternative is denied.

68.     This paragraph contains legal conclusions to which no response is required, and in the alternative is denied.

69.     This paragraph contains legal conclusions to which no response is required, and in the alternative is denied.

70.     This paragraph contains legal conclusions to which no response is required, and in the alternative is denied.

71.     This paragraph contains legal conclusions to which no response is required, and in the alternative is denied.

72.    This paragraph contains legal conclusions to which no response is required, and in the alternative is denied.

73.    This paragraph contains legal conclusions to which no response is required, and in the alternative is denied.

74.    This paragraph contains legal conclusions to which no response is required, and in the alternative is denied.

75.    This paragraph contains legal conclusions to which no response is required, and in the alternative is denied.

76.    This paragraph contains legal conclusions to which no response is required, and in the alternative is denied.

77.    This paragraph contains legal conclusions to which no response is required, and in the alternative is denied.

78.    Defendant has insufficient information or knowledge or both to form a belief as to the truth of the allegations.

### CAUSES OF ACTION

### FIRST COUNT

### VIOLATIONS OF THE TELEPHONE
### CONSUMER PROTECTION ACT, 47 U.S.C. § 227(c) *ET SEQ.*

79.    Defendant restates the responses herein before given to the allegations in paragraphs 1 – 78 of the Complaint.

80.    Denied.

81.     Denied.

82.     Denied.

83.     This paragraph contains legal conclusions to which no response is required, and in the alternative is denied.

## SECOND COUNT

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(b) *ET SEQ.*

84.     Defendant restates the responses herein before given to the allegations in paragraphs 1 – 83 of the Complaint.

85.     Denied.

86.     Denied.

87.     Denied.

88.     This paragraph contains legal conclusions to which no response is required, and in the alternative is denied.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiff, and expressly denying any and all wrongdoing, Defendant alleges the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Upon information and belief, Defendant meets the safe harbor requirements for calls to numbers recently ported from landlines to cell phones, as set forth in 47 C.F.R. § 64.1200(a)(iv).

## SECOND AFFIRMATIVE DEFENSE

In order to determine if any of Defendant's alleged calls were made to a purported class member's cell phone, the Court would need to determine: (a) whether the number allegedly called was a cell phone number at the time of the alleged call; (b) whether the number allegedly called had been ported from a landline to a cellphone number within 15 days prior to receiving the alleged call; and (c) if the number allegedly called had been so ported, (d) whether that number was already on the national do-not-call registry (at the time of the call) and whether the number was already on Defendant's company-specific do-not-call list (at the time of the call). Because the above determinations would require case-by-case factual determinations (essentially mini- trials), this case is not appropriate as a class action.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff and some or all of the putative class members may have provided prior express consent to receive the alleged calls, either directly or indirectly, and therefore there is no liability under the TCPA for such calls. Because the above

determination would require case-by-case factual determinations (essentially mini-trials), this case is not appropriate as a class action.

## FOURTH AFFIRMATIVE DEFENSE

The equipment allegedly used by Defendant to make calls to the purported class members does not have the capacity to store, produce, or call randomly or sequentially generated telephone numbers, and therefore is not an "automatic telephone dialing system" within the meaning of 47 U.S.C. § 227.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited because the damages or injuries to Plaintiff and the putative class members, to the extent any exist, were caused in whole or in part by the acts or omissions of third parties over which Defendant had and has no control, and/or by the acts or omissions of Plaintiff and of the putative class members.

## SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff personally may be a class action litigation attorney, rather than a normal consumer who received the alleged calls. Therefore, Plaintiff likely makes a living primarily from fees collected from the cases

of class action plaintiffs. Plaintiff may have an interest in prosecuting the case for reasons which distinguish her interests from the interests of the class. For example, Plaintiff may have an interest in developing relevant law to be relied on in other cases, or may be interested in evidence-gathering for future suits brought on behalf of the clients of her own law firm. Also, if Plaintiff is in fact a class action lawyer, Plaintiff may have conflicting or competing legal and ethical duties to his other class action clients.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege facts sufficient to support her allegation that Defendant called anyone other than the named plaintiff. The Complaint alleges specific calls to the named plaintiff only. The class action allegations therefore lack a sufficient good faith basis in fact to meet the pleading standard.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of all or some putative class members may be barred, in whole or in part, by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of all or some putative class members may be barred, in whole or in part, by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of all or some putative class members may be barred, in whole or in part, by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff and some or all of the putative class members had a duty to take reasonable steps to mitigate and/or avoid their alleged damages. Plaintiff and some or all of the putative class members may have failed to do so, and therefore may be barred, in whole or in part, from recovering damages in this case.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant's compliance with the statutes, rules, and regulations, which govern the subject matter of this lawsuit, may preclude their liability to Plaintiff and some or all of the putative class members.

## FOURTEENTH AFFIRMATIVE DEFENSE

The conduct alleged by Plaintiff did not injure, harm, or damage either Plaintiff or the alleged putative class members.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff and some or all of the putative class members may have knowingly, intentionally, and voluntarily assumed the risk of the conduct, events, and matters alleged in the Complaint and the damages, if any, incurred by Plaintiff or the putative class are the direct and proximate result of the risk so assumed.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff and some or all of the putative class members, by their own actions and conduct, may have failed to exercise reasonable care and diligence on their own behalf, thereby causing or contributing to their alleged injuries and damages, if any. Plaintiffs and some or all of the putative class members' recovery therefore must be reduced or eliminated altogether by the proportion of damages caused by their acts and conduct.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff and some or all of the members of the purported class may lack standing to assert the claims in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

This lawsuit may have been filed in bad faith and/or for objectively frivolous reasons, thereby barring Plaintiff and some or all of the putative class members from recovering on any cause of action in the Complaint, and entitling Defendant to recover their costs of suit incurred herein, including reasonable attorney's fees.

## NINETEENTH AFFIRMATIVE. DEFENSE

On information and belief, this lawsuit may have arisen as a result of illegal activity engaged in by Plaintiff, some or all of the putative class members, or their principals, agents, or co-conspirators, which illegality may bar Plaintiff and some or all of the putative class members from recovering on any cause of action in the

Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of the putative class members may be barred because Plaintiff and some or all of the putative class members acquiesced to any conduct engaged in by Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of the putative class members may be barred because the relief sought by Plaintiff and the putative class would, if granted, unjustly enrich Plaintiff and some or all of the putative class.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The actions of Defendant, respecting the subject matters alleged in the Complaint, were undertaken in good faith, and constitute lawful, proper and justified means to further the sole purpose of engaging in and continuing its business. By reason thereof, Plaintiff and the putative class is barred, in whole or in part, from recovery on the Complaint.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant alleges that this suit may not be properly maintained as a class action because, aside from the grounds already listed above: (1) Plaintiff cannot establish the necessary procedural elements for class treatment; (2) a class action is

not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint; (3) common issues of fact or law do not predominate; (4) Plaintiff's claims are not representative or typical claims of the putative class; (5) Plaintiff is not a proper class representative; (6) the named plaintiff and alleged putative class counsel are not proper class representatives; (7) Plaintiff cannot satisfy any of the requirements for class action treatment, and class action treatment is neither appropriate nor constitutional; (8) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the members of the alleged putative class; and (9) the alleged putative class is not ascertainable, nor are its members identifiable.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant is not vicariously liable for other actors and or alleged agents.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The relief sought by Plaintiff by way of class action relief violates Defendant's due process rights.

## CROSSCLAIMS FOR CONTRIBUTION AND INDEMNIFICATION

Defendant denies any liability to plaintiff, but in the event any such liability is found, defendant seeks contribution and indemnification from the co-defendants to the fullest extent permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests this Court to: (a) grant judgment in its favor and order all claims of the complaint dismissed with prejudice; and (b) award Defendants all costs, disbursements, expenses and fees incurred herein, including reasonable attorneys' fees, and such other, further and different relief as the Court may deem just and proper.

This 11th day of June, 2015.

/s/  Thomas J. O'Grady
Thomas J. O'Grady, Esq.
Attorneys for Defendant, Interstate
National Dealer Services, Inc.
**GOLDBERG SEGALLA LLP**
902 Carnegie Center
Suite 100
Princeton, New Jersey  08540
609-986-1300
togrady@goldbergsegalla.com

*s/Jeffrey L. Kingsley*
Jeffrey L. Kingsley
Admitted Pro Hac Vice
Attorney for Defendant
Interstate National Dealer Services,
Inc.
GOLDBERG SEGALLA LLP
600 Lexington Avenue, Suite 900
New York, NY  10022
716-566-5434 (Telephone)
*jkingsley@goldbergsegalla.com*

*s/ Kenton J. Coppage*
Kenton J. Coppage
Georgia Bar No. 187190
Attorney for Defendant
Interstate National Dealer Services, Inc.
SMITH MOORE LEATHERWOOD
Regions Plaza, Suite 2300
1180 West Peachtree Street
Atlanta, Georgia 30309
404-962-1000 (Telephone)
*kent.coppage@smithmoorelaw.com*

## CERTIFICATE OF SERVICE

The foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Steven H. Koval, Esq.
THE KOVAL FIRM, LLC
3575 Piedmont Road
15 Piedmont Center, Suite 120
Atlanta, Georgia 30305
Steve@KovalFirm.com

Edward A. Broderick, Esq.
Anthony Paronich, Esq.
BRODERICK LAW, P.C.
125 Summer Street, Suite 1030
Boston, MA 02110
ted@broderick-law.com
anthony@broderick-law.com

Matthew P. McCue, Esq.
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, Massachusetts 01760
mmccue@massattorneys.net

Mitchell Roth, Esq.
Karen Doner, Esq.
ROTH DONER JACKSON, PLC
Suite 820, 8200 Greensboro Drive
McLean, VA 22102
mroth@rothdonerjackson.com
kdoner@rothdonerjackson.com

Benjamin I. Fink, Esq.
BERMAN FINK VAN HORN, P.C.
3475 Piedmont Road, N.E., Suite 1100
Atlanta, Georgia 30305
bfink@bfvlaw.com

Jason S. Alloy
Robbins Ross Alloy Belinfante Littlefield LLC
Suite 1120
999 Peachtree Street NE
Atlanta, Georgia 30309
jalloy@robbinsfirm.com

The foregoing pleading will be served by United States Mail as follows:

US Direct Protect LLC
2183 Fairview Road
#217-C
Costa Mesa, California 92627

This 11th day of June, 2015.

*s/ Kenton J. Coppage*
Kenton J. Coppage