# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

DIANA MEY, individually and on behalf of a class of all persons and entities similarly situated,

    Plaintiff

vs.

INTERSTATE NATIONAL DEALER SERVICES, INC., US DIRECT PROTECT, LLC, DAVID CUNNINGHAM and
ALL AMERICAN AUTO PROTECTION, INC.

    Defendants.

Case No. 14-cv-01846-ELR

CLASS ACTION

## PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO QUASH SUBPOENA AND/OR MOTION FOR A PROTECTIVE ORDER

In the opposition filed by the Defendant Interstate National Dealer Services, Inc. ("Interstate"), it is not disputed that (1) Ms. Mey has provided actual recordings of *every call* she received that are the subject of this action (2) those recordings include the telephone number that called Ms. Mey and the telephone number that she received the call on; and (3) Ms. Mey has provided her cellular telephone bills for both months that she received the telemarketing calls that are

left that are subject to discovery.[1] Despite these facts, Interstate continues to suggest that they are entitled to Ms. Mey's personal cellular telephone bills for four years, which will show all inbound and outbound telephone calls she has made during that time. For these reasons, and those specified below, Ms. Mey's motion should be granted.

## ARGUMENT

**1. Interstate's Does Not Articulate the Relevance of the Documents it Seeks.**

In Interstate's preliminary statement, it asserts that Ms. Mey "resists the production of her own telephone records…despite the fact that such information is directly relevant." *See* Doc. No. 133 at 2. However, Interstate's brief fails to articulate what could be contained in these phone records that has not already been provided. Ms. Mey's telephone bills contain the phone number that called her, the number she was called on, and how long the conversation lasted. All of this information for the calls related to this case also appear in the recordings of all the phone calls that Ms. Mey has produced.

Interstate suggests that Ms. Mey may have "responded to calls in some fashion…that may have solicited future calls or otherwise impacted the actions of

---

[1] Ms. Mey has filed a Stipulation of Dismissal as to N.C.W.C., Inc. d/b/a Dealer Services. *See* Doc. No. 135.

the parties."[2] , yet Interstate has not produced *any* information that Ms. Mey provided her consent to receive these telemarketing calls, or articulated how a phone record could make clear that she provided her prior express consent to receive telemarketing calls from its agents, despite the fact that it is their burden to do so. *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012) ("the prior express consent exemption acts as an affirmative defense") *affirmed by Breslow v. Wells Fargo Bank, N.A.*, 2014 U.S. App. LEXIS 10457 (11th Cir. Fla. June 5, 2014). In the TCPA context, Interstate is correct that prior to October 2013 consent need not be in writing, but it has always needed to be "[c]onsent that is clearly and unmistakably stated." *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 955 (9th Cir. 2009)(citing Black's Law Dictionary 323 (8th ed.2004)). Interstate has produced no documents relating to Ms. Mey or any putative class members that their telemarketing agents obtained consent.

Aside from this clear burden hurdle that Interstate has not cleared, Ms. Mey's phone bills will not, in any way, show how she "responded" to calls. The contents of communications are not included in phone bills. However, because Ms. Mey has done nothing to invite these unsolicited phone calls, she has produced recordings of all the relevant calls. Interstate has what it needs to review those calls, because Ms. Mey has already provided it.

---

[2] *See* Doc. No. 133 at 5.

## **CONCLUSION**

Plaintiff's Motion to Quash the subpoena should be allowed.


Respectfully Submitted by Plaintiff Diana Mey,
By Counsel

*/s/ Anthony I. Paronich*
Edward A. Broderick
Anthony I. Paronich
Broderick Law, P.C.
125 Summer St., Suite 1030
Boston, MA  02110
(617) 738-7080
ted@broderick-law.com

Steven H. Koval
Attorney for Plaintiff
Georgia Bar No. 428905
THE KOVAL FIRM, LLC
3575 Piedmont Road
15 Piedmont Center, Suite 120
Atlanta, GA  30305
Telephone:  (404) 513-6651
Facsimile: (404) 549-4654
Steve@KovalFirm.com

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, Massachusetts 01760
(508) 655-1415
(508) 319-3077 *facsimile*
mmccue@massattorneys.net

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2015, I electronically filed the forgeoing with the Clerk of Court using the CM/ECF system which will automatically send notification to all attorneys of record.

*/s/ Anthony I. Paronich*
