## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

DIANA MEY, individually and on
behalf of a class of all persons and
entities similarly situated,

       Plaintiff

vs.

INTERSTATE NATIONAL DEALER
SERVICES, INC.,
ALL AMERICAN AUTO
PROTECTION, INC., DAVID
CUNNINGHAM, and
US DIRECT PROTECT.

       Defendants.

Case No. 1:14-cv-01846-ELR-RGV

CLASS ACTION

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This class action settlement agreement and release (the "Agreement" or "Settlement Agreement") is entered into, by and among Diana Mey ("Mey" or "Plaintiff"), individually and on behalf of the classes of persons she seeks to represent (the "Settlement Classes" defined below), and Interstate National Dealer Services, Inc. ("Interstate") (Plaintiff and Interstate are collectively referred to as the "Parties"). This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (defined

below) upon and subject to the terms and conditions of the Agreement, and subject to the final approval of the Court.

## **RECITALS**

A.    On June 12, 2014, Mey filed a putative class action complaint against Interstate, as well as a number of other defendants, in the United States District Court for the Northern District of Georgia, captioned *Mey v. Interstate National Dealer Services, Inc., et al.*, No. 1:14-CV-01846 (N.D. Ga.) (the "Action"), alleging, among other things, that Interstate and/or others acting on its behalf made telemarketing calls to telephone numbers listed on the National Do Not Call Registry, and used an automated telephone dialing system (ATDS) or a pre-recorded voice to call telephone numbers registered to a cellular telephone service, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), and the regulations promulgated by the Federal Communications Commission (the "FCC") under that statute.

B.    On May 21, 2015, Mey filed an amended putative class action complaint against Interstate, as well as a number of other defendants, making substantially similar allegations, while naming a number of new defendants.

C.      On June 11, 2015, Interstate filed its answer and affirmative defenses in the Action, denying the material allegations of the amended complaint and setting forth twenty-five affirmative defenses.

D.      On October 26, 2015, the Parties participated in a one-day mediation with the Honorable Morton Denlow (Ret.) of JAMS. The Parties made significant progress during that mediation, but did not reach a settlement. The Parties agreed to continue their efforts to reach a resolution.

E.      Thereafter, with Judge Denlow's continued assistance, including scheduling a second day of mediation in Chicago, the Parties reached an agreement on key terms of a proposed class settlement that were later memorialized in this Agreement.

F.      At the time the Agreement was reached, the Parties had engaged in substantial discovery efforts, including numerous sets of written discovery, the production of thousands of pages of documents, and briefing of twelve discovery-related motions.

G.      Interstate at all times has denied and continues to deny any wrongdoing whatsoever and has denied and continues to deny that it violated the TCPA or the FCC's regulations, or committed any other wrongful act or violation of law. In addition, Interstate maintains that it did not make any unsolicited telemarketing calls, or authorize any service providers to do so.  Further, Interstate

maintains that it has strong, meritorious defenses to the claims alleged in the Action and that it was prepared to vigorously defend all aspects of the Action. Nonetheless, Interstate has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome litigation, and has determined that it is desirable and beneficial to fully and finally settle and terminate the Action in the manner and upon the terms and conditions set forth in this Agreement.

H.    Plaintiff believes that the claims asserted in the Action have merit. Nonetheless, Plaintiff and Plaintiff's counsel recognize and acknowledge the expense, time, and risk associated with continued prosecution of the Action against Interstate through dispositive motions, class certification, trial, and any subsequent appeals. Plaintiff and Plaintiff's counsel also have taken into account the uncertainty, difficulties, and delays inherent in litigation, especially in complex actions. Therefore, Plaintiff and Plaintiff's counsel believe that it is desirable that the Released Claims be fully and finally compromised, settled, dismissed with prejudice, and barred pursuant to the terms set forth herein. Based on their evaluation, which they have confirmed by consulting with their own expert and by performing discovery, Plaintiff and Plaintiff's counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate for the

Settlement Classes, and that it is in the best interests of the Settlement Classes to settle the Released Claims pursuant to the terms and provisions of this Agreement.

I.      The Parties agree that the Action was resolved in good faith, following arm's-length bargaining presided over by a retired federal judge acting as a neutral mediator.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Parties, by and through their respective counsel, subject to preliminary and final approval by the Court after a hearing or hearings as provided for in this Settlement Agreement, and in consideration of the benefits flowing from the Settlement Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

## AGREEMENT

1.      **DEFINITIONS**

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1     **"Approved Claim"** means a Claim Form submitted by a Settlement Class Member that: (a) is received by the Settlement Administrator or postmarked

on or before the Claims Deadline; (b) is fully and truthfully completed by a Settlement Class Member, with all information requested in the Claim Form, and in accordance with the directions on the Claim Form; (c) is signed by the Settlement Class Member, physically or electronically; and (d) is approved by the Settlement Administrator pursuant to the provisions of this Agreement as a valid claim eligible to receive payment from the Settlement Fund under the Agreement and the Final Approval Order and Judgment.

1.2 **"Direct Notice Claim Form"** means the document substantially in the form attached hereto as Exhibit 1, as approved by the Court. The **"Website Claim Form"** means the document substantially in the form attached as Exhibit 1A. The Direct Notice and Website Claim Forms are hereinafter referred to as the **"Claim Forms."** A Claim Form must be completed by all Settlement Class Members to be eligible to receive a payment from the Settlement Fund under the terms of the Settlement.

1.3 **"Claims Deadline"** means the date by which all Claims Forms must be postmarked or received by the Settlement Administrator to be considered timely, and shall be set as a date no later than fifty-six (56) days after entry of the Preliminary Approval Order. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order, as well as in the Notice and the Claim Forms.

1.4 **"Class Counsel"** means:

Edward Broderick
Anthony Paronich
BRODERICK LAW, P.C.
99 High St., Suite 304
Boston, MA 02110

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, MA 01760

Steven H. Koval
The Koval Firm, LLC
3575 Piedmont Road
15 Piedmont Center, Suite 120
Atlanta, GA  30305

1.5    **"Class Period"** means the period between June 12, 2010, and the date of the Preliminary Approval Order.

1.6    **"Class Representative"** means Diana Mey.

1.7    **"Court"** means the United States District Court for the Northern District of Georgia.

1.8    **"Effective Date"** means the date one (1) business day after which all of the events and conditions specified in Paragraph 9.1 have occurred and have been met.

1.9    **"Fee Award"** means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

1.10  **"Final"** means one (1) business day following the later of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Approval Order and Judgment; or (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of final dismissal or completion—in a manner that finally affirms and leaves in place the Final Approval Order and Judgment without any material modification—of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand).

1.11  **"Final Approval Hearing"** means the hearing before the Court where the Parties will request that the Court enter the Final Approval Order and Judgment.

1.12  **"Final Approval Order"** means a document substantially in the form of Exhibit 2, to be entered by the Court following the Final Approval Hearing.

1.13  **"Final Approval Order and Judgment"** means the Final Approval Order and Final Judgment.

1.14  **"Final Judgment"** means a document substantially in the form of Exhibit 6, to be entered by the Court following the Final Approval Hearing.

1.15   **"Interstate's Counsel"** means:

        Tiffany Cheung
        Morrison & Foerster LLP
        425 Market St.
        San Francisco, CA 94105
        (415) 268-7000
        tcheung@mofo.com

        Thomas J. O'Grady
        Goldberg Segalla LLP
        902 Carnegie Center, Suite 100
        Princeton, NJ 08450
        (609) 986-1300
        togrady@goldbergsegalla.com

        Jeffrey L. Kingsley
        Goldberg Segalla LLP
        600 Lexington Avenue, Suite 900
        New York, NY 10022
        (646) 292-8700
        jkingsley@goldbergsegalla.com

        Kenton J. Coppage
        Smith Moore Leatherwood LLP
        Regions Plaza, Suita 2300
        1180 West Peachtree Street
        Atlanta, GA 30309
        (404) 962-1000
        kent.coppage@smithmoorelaw.com

1.16   **"Mediator"** means Honorable Morton Denlow (Ret.) of JAMS.

1.17   **"Notice"** means the notice of this Settlement Agreement and Final Approval Hearing, which is to be provided to the Settlement Class members in accordance with this Agreement and substantially in the form of Exhibits 3 (Direct Notice) and 4 (Website Notice) hereto.

1.18  **"Notice Plan**" means the plan, as set forth in Paragraph 4.2 and as executed and administered by the Settlement Administrator, for disseminating notice to members of the Settlement Class of the Settlement Agreement and of the Final Approval Hearing.

1.19  **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement, or a request for exclusion submitted by a Person within the Settlement Class, must be postmarked, which shall be no later than fifty-six (56) days after entry of the Preliminary Approval Order, or such other date as ordered by the Court, which deadline shall be posted to the Settlement Website listed in Paragraph 4.2(c).

1.20  **"Person"** shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, any business or legal entity, and the spouses, heirs, predecessors, successors, representatives, or assigns of any of the foregoing.

1.21  **"Preliminary Approval Order"** means the document substantially in the form of Exhibit 5, to be entered by the Court for purposes of preliminarily approving the Settlement Agreement, certifying the Settlement Class solely for settlement purposes, and approving the form of the Notice and the Notice Plan.

1.22 **"Released Claims"** means any and all actual, potential, filed, known or unknown (including Unknown Claims), fixed or contingent, claimed or unclaimed, asserted or unasserted, suspected or unsuspected, material or immaterial, matured or unmatured, anticipated or unanticipated, hidden or concealed, disclosed or undisclosed, accrued or unaccrued, direct or indirect, individual or representative, claims, counterclaims, suits, debts, controversies, promises, losses, sums of money, covenants, assertions, allegations, contentions, actions, demands, liabilities, rights, causes or rights of action, contracts or agreements, extra-contractual claims, damages, punitive, exemplary, or multiplied damages, expenses, costs, attorneys' fees and or obligations of any kind or nature whatsoever, whether in law or in equity, based on the TCPA or any other federal law, state law, municipal law, statutory or common law, territorial law, foreign law, contract, regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), or any other law, rule, or regulation, against the Released Parties, or any of them, arising out of or relating in any way to any telemarketing, solicitation, or other marketing or dissemination that was made on behalf of Interstate and/or promoted Interstate products or services.  This includes, but is not limited to, any telemarketing that was done on behalf of Interstate and/or promoted Interstate products or services by anyone acting on Interstate's behalf or purporting to act on its behalf and any claims based on such marketing arising out of the use

of automatic telephone dialing systems and/or an artificial or pre-recorded voice and/or the calling of one or more numbers registered with any national or state do-not-call list, or any federal or state unfair and deceptive practice statutes, invasion of privacy, and/or conversion. The Released Claims include any and all claims that were brought or could have been brought in the Action.

1.23 **"Released Parties"** means Interstate, each, any and all of their respective past, present, and future heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, divisions, joint ventures, entities in which Interstate has a controlling interest, holding companies, employers, employees, agents, consultants, marketing partners, lead generators, telemarketers, independent contractors, insurers, reinsurers, directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investors, investment bankers, underwriters, shareholders, lenders, auditors, legal representatives, successors in interest, affiliates, firms, trusts, and corporations; and each and all of the past, present, and future officers, directors, partners, members, principals, insurers, reinsurers, advisors, insureds, representatives, employees, agents, shareholders, attorneys, servants, successors, executors, and assigns of any of the foregoing Persons.

1.24 **"Releasing Parties"** means: (a) Mey; (b) Settlement Class Members who do not timely opt out of the Settlement Class (whether or not such members

submit claims); (c) to the extent that a Settlement Class Member is not an individual, all of its present, former, and future predecessors, successors, assigns, parents, subsidiaries, joint ventures, and affiliates, and all employees, agents, representatives, consultants, independent contractors, insurers, directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investors, investment bankers, underwriters, shareholders, lenders, and auditors of any of the foregoing Persons; and (d) to the extent the Settlement Class Member is an individual, any present, former, and future spouses, as well as the present, former, and future heirs, executors, estates, administrators, representatives, agents, attorneys, partners, successors, predecessors, and assigns of each of them, and any other representatives of any of the foregoing Persons.

1.25 **"Settlement"** means the settlement contemplated by this Agreement.

1.26 **"Settlement Administration Expenses"** means the expenses incurred by the Settlement Administrator in providing notice, processing claims, and mailing checks for Approved Claims. Settlement Administration Expenses shall be paid from the Settlement Fund.

1.27 **"Settlement Administrator"** means A.B. Data.

1.28 **"Settlement Class"** or **"Settlement Classes"** means all Persons within the United States to whom, during the Class Period: (a) more than one telephone solicitation was allegedly initiated or made by or on behalf of Interstate

within a twelve-month period to such Person's telephone number that, at the time of the calls, was listed on the National Do Not Call Registry; and/or (b) a call was allegedly initiated or made by or on behalf of Interstate to such Person's wireless telephone number. The following Persons are excluded from the Settlement Classes: Interstate; any parent, subsidiary, officer, director, or employee of Interstate as of the entry of the Preliminary Approval Order; Class Counsel; the Settlement Administrator; the Mediator; and any judge presiding over the Action.

1.29 **"Settlement Class Member"** means a Person who falls within the definition of the Settlement Class and who has not submitted a valid request for exclusion.

1.30 **"Settlement Class Recovery"** means the amount of the Settlement Fund available for distribution to the Settlement Class, after payment of Settlement Administration Expenses, the Fee Award to Class Counsel, and any approved incentive award to the Class Representative.

1.31 **"Settlement Fund"** means the Four Million and Two Hundred Thousand Dollars ($4,200,000) that Interstate has agreed to pay pursuant to the terms of this Settlement Agreement.

1.32 **"Settlement Website"** means the website to be created by the Settlement Administrator containing details and information about the Settlement, including this Agreement and the Notice.

1.33   **"Unknown Claims"** means claims that could have been raised in the Action and that Plaintiff or the Releasing Parties, or any of them, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Claims, or might affect his, her or its decision to agree, object or not to object to the Settlement.  Upon the Effective Date, Plaintiff and the Releasing Parties understand and acknowledge that they shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, Plaintiff and the Releasing Parties understand and acknowledge that they shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code.   Plaintiff and the Releasing Parties understand and

acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this section.  The Parties acknowledge that the foregoing waiver is a key element of the Settlement of which this release is a part.

2.  **SETTLEMENT RELIEF**

2.1  **Settlement Fund.** Interstate agrees to provide a Settlement Fund in the amount of Four Million and Two Hundred Thousand Dollars ($4,200,000) for the purpose of making payments with respect to all Approved Claims under this Agreement, all Settlement Administration Expenses, any incentive award to the Class Representative, and any Fee Award to Class Counsel. The Settlement Fund represents the limit and total extent of Interstate's monetary obligations under this Agreement and the Settlement. In no event shall Interstate's total financial liability with respect to this Agreement, the Released Claims, and the Settlement exceed Four Million and Two Hundred Thousand Dollars ($4,200,000). Interstate will fund or cause to be funded the Settlement Fund as follows: (a) within seven (7) business days of the entry of the Preliminary Approval Order (and receipt of wire instructions provided by the Settlement Administrator to Interstate and an executed W-9), Interstate will transfer Three Hundred Thousand Dollars ($300,000) to the

Settlement Administrator (via wire instructions provided by the Settlement Administrator to Interstate) for the purpose of disseminating notice to the class in accordance with the Notice Plan; and (b) within fourteen (14) business days after the Effective Date, Interstate will transfer the remaining Three Million and Nine Hundred Thousand Dollars ($3,900,000) of the Settlement Fund to the Settlement Administrator. The Settlement Administrator will hold those amounts in escrow, until such time as the Settlement Administrator is authorized to use or pay those funds pursuant to the Settlement Agreement, the Preliminary Approval Order, or the Final Approval Order and Judgment.

### 2.2  Monetary Payments

(a)      Settlement Class Members shall have until the Claims Deadline to submit a Claim Form. Only one claim payment is permitted per Settlement Class Member. Any Settlement Class Member who submits a Claim Form that is determined to be an Approved Claim shall be entitled to receive a *pro rata* share of the Settlement Class Recovery, so that each Settlement Class Member who submits an Approved Claim shall be entitled to receive an amount equal to the Settlement Class Recovery divided by the total number of Approved Claims.

(b)      Within sixty (60) days after the Effective Date, or such other date as the Court may set, the Settlement Administrator shall pay from the Settlement Fund all Approved Claims by check made payable to the Settlement

Class Member submitting each Approved Claim, which shall be mailed to those Settlement Class Members via first-class mail.

(c)    All payments issued to Settlement Class Members via check will state on the face of the check that the check will expire and become null and void unless cashed within ninety (90) days after the date of issuance. To the extent that any checks to Settlement Class Members expire and become null and void, the Settlement Administrator shall distribute the funds associated with those checks on a *pro rata* basis to Settlement Class Members who submitted an Approved Claim and who cashed their checks, if doing so is administratively and economically feasible (*i.e.*, those Settlement Class Members each would receive a second distribution of more than $5, after the costs of administration). Any remaining monies, including to the extent a second distribution is not administratively feasible, shall be distributed as a *cy pres* award to the Berkeley Center for Law & Technology.

3.    **RELEASES**

3.1    The Parties intend that this Settlement Agreement will fully and finally dispose of the Action and any and all Released Claims against the Released Parties.

3.2    Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Approval Order and

Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them.

3.3     On the Effective Date, the Releasing Parties, and each of them, will be forever barred and permanently enjoined from directly, indirectly, representatively, or in any other capacity, filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief, from any lawsuit, any arbitration, or any administrative, regulatory, or other proceeding against any of the Released Parties in any jurisdiction based on or relating in any way to the Released Claims, and the Releasing Parties, and each of them, shall be forever barred and permanently enjoined from filing, commencing, or prosecuting any lawsuit individually or as a class action against any of the Released Parties (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) based on or relating in any way to the Released Claims on behalf of members of the Settlement Classes who have not timely excluded themselves from the Settlement Classes.

3.4     On the Effective Date, any defendants in any future lawsuit, arbitration, or any administrative, regulatory, or other proceeding, based on or relating in any way to the Released Claims, are forever barred and permanently enjoined from impleading, or otherwise alleging, asserting, prosecuting, or

litigating any claims against the Released Parties based on or relating in any way to the Released Claims.

4.    **NOTICE TO THE CLASS**

4.1    Upon entry of the Preliminary Approval Order, the Settlement Administrator shall cause the Notice to be disseminated to potential Settlement Class Members. Such Notice shall comport with Rule 23 of the Federal Rules of Civil Procedure, and be effectuated pursuant to the Notice Plan, the costs of which shall be included within Settlement Administration Expenses, and which shall be paid from the Settlement Fund.

4.2    The Notice Plan, which was developed in consultation with the Settlement Administrator, is as follows:

(a)    *Direct Notice.* Subject to the approval of the Court, the Settlement Administrator shall send direct notice within twenty one (21) days after entry of the Preliminary Approval Order, substantially in the form provided in Exhibit 3, via the U.S. Postal Service, to the names and addresses contained in the call logs obtained by Plaintiff's counsel from a third party pursuant to subpoena that are associated with telephone numbers that:

(i)    Received more than one call in any twelve-month period during the Class Period, and that, at the time of the calls, were listed on the National Do Not Call Registry; or

(ii)    Received one or more calls during the Class Period, and that, at the time of those calls, were cellular telephone numbers.

(b)    *Online Media Notice*. The Settlement Administrator will implement an on-line media campaign as designed by the Settlement Administrator, the content of which will be agreed upon by Class Counsel and Interstate's Counsel. The online media campaign will commence no later than twenty-one (21) days after entry of the Preliminary Approval Order.

(c)    *Settlement Website.* Within twenty-one (21) days after entry of the Preliminary Approval Order, Notice shall be provided on a website, which shall be administered by the Settlement Administrator and shall include the ability to file Claim Forms online. The Notice on the Settlement Website shall be substantially in the form of Exhibit 4 hereto.

4.3    Any Settlement Class member who intends to object to this Agreement must file with the Court a written statement that includes: his or her full name; address; telephone number or numbers that he or she maintains were called; all grounds for the objection, with factual and legal support for each stated ground; the identity of any witnesses he or she may call to testify; copies of any exhibits that he or she intends to introduce into evidence at the Final Approval Hearing; and a statement of whether he or she intends to appear at the Final Approval Hearing with or without counsel. Any Settlement Class member who fails to timely file a

written objection with the Court in accordance with the terms of this paragraph and as detailed in the Notice, and at the same time provide a copy of the objection to the Settlement Administrator, shall not be permitted to object to this Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Agreement by appeal or other means, and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding. To be timely, the objection must be filed and sent to the Settlement Administrator on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice.

4.4    Any member of the Settlement Classes may request to be excluded from the Settlement Classes by sending a written request for exclusion to the Settlement Administrator postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice. In order to exercise the right to be excluded, a member of the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his or her full name, address, and telephone number or numbers that he or she maintains were called. Further, the written request for exclusion must include a statement that the member of the Settlement Class submitting the request wishes to be excluded from the Settlement, and include the personal signature of the member of the Settlement Class submitting the request. A request to be excluded that does not include all of

the foregoing information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and any Person serving such an invalid request shall be a Settlement Class Member and shall be bound as a Settlement Class Member by the Agreement, if approved. Any member of the Settlement Class who elects to be excluded shall not: (i) be bound by the Final Approval Order and Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. So-called "mass" or "class" opt-outs shall not be allowed.

5.     **SETTLEMENT ADMINISTRATION**

5.1     The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost-effective, and timely manner.   The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices, and such records will be made available to Class Counsel and Interstate's Counsel upon request. The Settlement Administrator shall provide reports and other information to the Court as the Court may require. Should the Court request, Class Counsel shall submit a report to the Court summarizing the work performed

by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to Settlement Class Members on account of Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

(a)     Receive objections, exclusion forms, and other requests from members of the Settlement Classes to exclude themselves from the Settlement, and promptly provide to Class Counsel and Interstate's Counsel copies thereof. If the Settlement Administrator receives any objections, exclusion forms, or other requests from members of the Settlement Class after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Interstate's Counsel;

(b)     Make available to Class Counsel and Interstate's Counsel the Claim Forms received by the Settlement Administrator at any time upon reasonable notice, and provide Class Counsel and Interstate's Counsel with information about the status of the Settlement Administrator's review of Claim Forms at any time upon reasonable notice; and

(c)     Within thirty (30) days after the date on which all Claim Forms have been finally approved or disallowed in accordance with the terms of this Agreement, forward to Interstate's Counsel and Class Counsel copies of documents and other materials received in connection with the administration of the Settlement.

5.2    The Settlement Administrator shall apply the terms of this Settlement Agreement and the requirements set forth in the Claim Form, it being understood and agreed that any Claim Form submitted that does not meet the requirements of this Agreement or of the Claim Form is not eligible to be an Approved Claim. The Settlement Administrator also shall employ reasonable procedures to screen claims for abuse, fraud, or duplication, and shall deny Claim Forms where there is evidence of abuse, fraud, or duplication (for example, when multiple Claim Forms are submitted under the same name or the same address).

5.3    The Settlement Administrator shall determine whether a Claim Form submitted by a Settlement Class Member is an Approved Claim and shall reject Claim Forms that: (a) are untimely; (b) fail to comply with the instructions thereon; (c) fail to provide all information as requested on the Claim Form; or (d) appear to be fraudulent and/or duplicative.  In the event a Settlement Class Member submits a timely Claim Form by the Claims Deadline but the Claim Form otherwise is not complete, then the Settlement Administrator shall give such Settlement Class Member one (1) reasonable opportunity to provide any requested missing information. For any Class Member who submits a Claim Form determined by the Settlement Administrator to be incomplete, the Settlement Administrator may mail a notice directly to such Class Member, notifying him or her of the missing information and providing him or her with an opportunity to cure (the "Cure

Notice").  Class Members must cure incomplete claims within seven (7) days after receiving the Cure Notice, which in no event shall be more than seven (7) days after the Claim Deadline.  Each Class Member shall have only one opportunity to cure.

5.4     If either party wants to contest the denial or approval of any claim, they shall meet and confer, and if they are unable to resolve a dispute regarding the administration of a claim, they shall seek assistance from the Mediator to resolve the issues at the earliest possible date, and to attempt to have a resolution before any Final Approval Hearing.  However, if those issues are unresolved at the time of the Final Approval Hearing, that will not prevent the Final Approval Hearing from going forward, with the issues to be resolved at a later date but within thirty (30) days of the entry of any order regarding the Final Approval Hearing, including any order for final approval of the Settlement.

5.5     Within fifteen (15) days of the Claims Deadline, the Settlement Administrator shall transmit to Class Counsel and Interstate's Counsel a written notice that (a) identifies all of the Claim Forms received by the Settlement Administrator; and (b) with respect to each Claim Form, indicates whether the Settlement Administrator has determined that the Claim Form qualifies as an Approved Claim or has rejected the Claim Form.

5.6    In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

6.    **TERMINATION OF SETTLEMENT**

6.1    *Termination Notice.* Subject to Paragraphs 9.1-9.3 below, Interstate, or the Class Representative, on behalf of the Settlement Class, shall have the right to terminate this Agreement by filing written notice of the election to do so ("Termination Notice") with the Court and serving that Termination Notice on all other Parties hereto within twenty (20) days of any of the following events: (i) the Court's refusal to enter a Preliminary Approval Order; (ii) the Court's refusal to enter a Final Approval Order and Judgment; (iii) the modification or reversal of the Final Approval Order and Judgment in any material respect by any court; or (iv) the modification or reversal of an Alternative Final Approval Order and Judgment, as defined in Paragraph 9.1(d), in any material respect by any court. In the event that this Agreement is terminated, any portion of the Settlement Fund that Interstate has provided to the Settlement Administrator, but which has not been expended by the Settlement Administrator in accordance with this Agreement, shall be returned to the entity that funded the Settlement Fund.

6.2    *Exclusion Requests.* If, prior to the Final Approval Hearing, the number of members of the Settlement Class who have timely requested exclusion

from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto exceeds two hundred (200), Interstate shall have, in its sole and absolute discretion, the option to terminate this Agreement. Interstate may terminate the Agreement by filing a Termination Notice with the Court and serving such Termination Notice on Class Counsel by hand delivery or overnight courier within ten (10) days after being informed in writing by the Settlement Administrator that two hundred and one (201) or more such requests for exclusion have been timely filed.

7.   **PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER AND JUDGMENT.**

7.1   Promptly after the execution of this Agreement, Plaintiff's counsel shall submit this Agreement, together with its Exhibits, to the Court and shall move the Court for entry of the Preliminary Approval Order, which shall, among other things, certify the Settlement Classes for settlement purposes only, appoint Plaintiff's counsel as Class Counsel and Plaintiff as the Class Representative, shall set a Final Approval Hearing date, and approve the Claim Forms and Notice, substantially in the form of Exhibits 1, 1A, 3, and 4 hereto, for dissemination in accordance with the Notice Plan. Such Preliminary Approval Order shall also authorize the Parties, without further approval by the Court, to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement), so long as

they are consistent in all material respects with the terms of the Final Approval Order and Judgment set forth in Paragraph 7.4 below.

7.2    At the time of the submission of this Agreement to the Court as described above, Plaintiff and Interstate shall request that, after Notice is disseminated to members of the Settlement Classes in accordance with the Notice Plan, the Court hold a Final Approval Hearing and approve the Settlement as set forth herein. The Final Approval Hearing shall be no earlier than one hundred (100) days after entry of the Preliminary Approval Order, or such other time as the Court shall set.

7.3    The Settlement Administrator shall prepare and serve the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715 within ten (10) calendar days of the filing of the preliminary approval motion.   The costs associated with the CAFA notice shall be included within the Settlement Administration Expenses.

7.4    After Notice is disseminated in accordance with the Notice Plan, the Parties shall request and seek to obtain from the Court a Final Approval Order and Judgment, which will (among other things):

(a)    find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject-matter jurisdiction to approve the Agreement, including all exhibits hereto;

(b)     approve the Settlement Agreement and the proposed Settlement as fair, reasonable, and adequate as to, and in the best interests of, Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have preclusive effect on all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and the Releasing Parties;

(c)     find that the Notice and the Notice Plan implemented pursuant to the Agreement (1) constitute the best practicable notice under the circumstances; (2) constitute notice that is reasonably calculated, under the circumstances, to apprise members of the Settlement Classes of the pendency of the Action, their right to object to or exclude themselves from the proposed Settlement, and to appear at the Final Approval Hearing; (3) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive notice; and (4) meet all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

(d)     find that the Class Representative and Class Counsel adequately represented the Settlement Classes for purposes of entering into and implementing the settlement;

(e)     dismiss the Action (including all individual claims and Settlement Class Member claims asserted therein) on the merits and with

prejudice, without fees or costs to any Party, except as provided in the Settlement Agreement;

(f)     incorporate the releases set forth above in Paragraphs 3.1-3.4, make those releases effective as of the date of the Final Approval Order and Judgment, and forever discharge the Released Parties as set forth herein;

(g)     permanently bar and enjoin all Settlement Class Members from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

(h)     permanently bar and enjoin any defendants in any future lawsuit, arbitration, or any administrative, regulatory, or other proceeding, based on or relating in any way to the Released Claims, from impleading or otherwise alleging, asserting, prosecuting, or litigating any claims against the Released Parties based on or relating in any way to the Released Claims;

(i)     without affecting the finality of the Final Approval Order and Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Approval Order and Judgment, and for any other necessary purpose; and

(j)     incorporate any other provisions, as the Court deems necessary and just.

## 8.     CLASS COUNSEL'S FEE AWARD; INCENTIVE AWARD.

8.1     Subject to the Court's approval, Interstate has agreed that the Settlement Fund can be used to pay the Fee Award to Class Counsel. Interstate agrees that it will not object to, or otherwise challenge, Class Counsel's application for attorneys' fees of up to One Million Four Hundred Thousand Dollars ($1,400,000), in addition to the reimbursement of their litigation expenses. Plaintiff's counsel has, in turn, agreed not to seek or accept more than this amount from the Court.

8.2     Plaintiff's counsel agrees that the Fee Award shall be paid solely out of the Settlement Fund and shall not increase Interstate's total financial liability with respect to this Agreement.

8.3     In lieu of any payments on claims to which she may be entitled as a Settlement Class Member under the Settlement Agreement, and in recognition of her efforts on behalf of the Settlement Classes, the Class Representative shall request an incentive award in the amount of fifteen thousand dollars ($15,000). Interstate agrees that it will not object to, or otherwise challenge, Class Counsel's application for such an incentive award if said application does not exceed such

amount. This sum shall be paid in recognition of the Class Representative's time and effort serving as Class Representative.

8.4     The Parties agree that Interstate's payment of any incentive award approved by the Court shall be paid solely out of the Settlement Fund and shall not increase Interstate's total financial liability with respect to this Agreement.

## 9.     CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.

9.1     The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events has occurred and shall be the date upon which the last (in time) of the following events occurs:

(a)     This Agreement has been signed by Plaintiff's counsel and Interstate;

(b)     The Court has entered the Preliminary Approval Order;

(c)     The Court has entered the Final Approval Order and Judgment, following Notice to the Settlement Classes and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Approval Order and Judgment, or a final approval order and judgment substantially consistent with this Agreement (the "Alternative Final Approval Order and Judgment"); and

(d)     The Final Approval Order and Judgment have become Final, as defined above, or, in the event that the Court enters an Alternative Final Approval

Order and Judgment and that has the consent of the Parties, such Alternative Final Approval Order and Judgment becomes Final.

9.2    If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 6.1, unless Plaintiff's counsel and Interstate's Counsel mutually agree in writing to proceed with this Agreement. If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement upon serving a Termination Notice to all of the Parties (pursuant to Paragraph 6.1 above). Notwithstanding anything herein, the Parties agree that the Court's failure to approve, in whole or in part, the Fee Award to Class Counsel (set forth in Paragraph 8.1 above) or the Class Representative incentive award (set forth in Paragraph 8.3 above) shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.

9.3    If this Agreement is terminated or fails to become effective, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Approval Order and Judgment or other order entered by the Court in accordance with the terms of this

Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into.

10.   **MISCELLANEOUS PROVISIONS**

10.1   The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement. Plaintiff's counsel and Interstate agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Approval Order and Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

10.2   The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff and the Settlement Classes, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the

Action was brought by Plaintiff or defended by Interstate, or each or any of them, in bad faith or without a reasonable basis.

10.3   The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released.   The Parties have read and understand fully the above and foregoing Agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

10.4   The Settlement and this Agreement represent a negotiated compromise, and regardless whether the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement:

(a)   is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession, or evidence of the validity of any Released Claims, the truth of any fact alleged by the Class Representative, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of either the Settlement Fund or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

(b)      is, may be deemed, or shall be used, offered, or received against the Released Parties, or each or any of them, as an admission, concession, or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

(c)      is, may be deemed, or shall be used, offered, or received against the Released Parties, or each or any of them, as an admission, concession, or evidence with respect to any liability, negligence, fault, or wrongdoing as against any of the Released Parties, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  However, the Settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement, may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. Further, if this Settlement Agreement is approved by the Court, any Party, or any of the Released Parties, may file this Agreement and/or the Final Approval Order and Judgment in any action or proceeding that may be brought against such Released Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(d)     is, may be deemed, or shall be construed against Plaintiff and the Settlement Classes, or each or any of them, or against the Released Parties, or each or any of them, as an admission, concession, or evidence that the consideration to be given hereunder represents an amount equal to, less than, or greater than that amount that could have or would have been recovered after trial; and

(e)     is, may be deemed, or shall be construed against Plaintiff and the Settlement Classes, or each or any of them, or against the Released Parties, or each or any of them, as an admission, concession, or evidence that any of Plaintiff's or the Settlement Classes' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

10.5   Unless the context of this Agreement requires otherwise, the plural includes the singular, the singular includes the plural, and "including" has the inclusive meaning of "including without limitation."   The words "hereof," "herein," "hereby," "hereunder," and other similar terms of this Agreement refer to this Agreement as a whole and not exclusively to any particular provision of this Agreement.   All pronouns and any variations thereof will be deemed to refer to masculine, feminine, or neuter, singular or plural, as the identity of the person or persons may require.

10.6   The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

10.7   The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

10.8   All of the Exhibits to this Settlement Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

10.9   This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to such matters. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

10.10 Except as otherwise provided herein, each Party shall bear its own costs and attorneys' fees.

10.11 Plaintiffs represent and warrant that they have not assigned any claim or right or interest therein as against the Released Parties to any other Person, and that they are fully entitled to release the same.

10.12 Each Party represents and warrants that (i) the Person executing this Agreement on behalf of the Party has full power and authority to execute and deliver this Agreement, and take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms, (ii) assuming the due authorization, execution, and delivery by the other Parties, this Agreement has been duly and validly executed and delivered by such Party, and (iii) this Agreement constitutes a legal, valid, and binding obligation of such Party, enforceable against such Party in accordance with its terms, subject to bankruptcy, insolvency, reorganization, or other similar laws or general application affecting the rights and remedies of creditors, and to general principles of equity.

10.13 Except as required by law or any other disclosure obligations, the Parties, Class Counsel, and Interstate's Counsel shall decline to respond to media inquiries about this case and shall not issue any press releases or make any postings online or in social media about this case.  Notice of the Settlement will be delivered exclusively through the notice process set forth in Section 4 above.

10.14 This Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original, but all of which together

shall constitute one and the same instrument. Facsimile signatures or scanned and e-mailed signatures shall be treated as original signatures and shall be binding.

10.15 This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors, personal representatives, and assigns of the Parties hereto, the Releasing Parties, and the Released Parties.

10.16 The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement and this Agreement.

10.17 This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Georgia.

10.18 This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties with the aid of a neutral mediator. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

[THE REST OF THIS PAGE INTENTIONALLY LEFT BLANK. SIGNATURE PAGE FOLLOWS.]

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

**For Plaintiff and the Settlement Class:**

_(signature)_ Date: _12/22/15_

Diana Mey
Class Representative

_(signature)_ Date: _12/22/15_

Edward A. Broderick
Anthony Paronich
BRODERICK LAW, P.C.
99 High St., Suite 304
Boston, MA 02110

**For Interstate National Dealer Services, Inc.**

_____ Date: _____

Authorized Representative
Interstate National Dealer Services, Inc.

_____
Printed Name and Title

_____ Date: _____

Tiffany Cheung
Morrison & Foerster LLP
425 Market St.
San Francisco, CA 94105

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

**For Plaintiff and the Settlement Class:**

_____ Date: _____
Diana Mey
Class Representative

_____ Date: _____
Edward A. Broderick
Anthony Paronich
BRODERICK LAW, P.C.
99 High St., Suite 304
Boston, MA  02110

**For Interstate National Dealer Services, Inc.**

_____ Date: 12/23/2015
Authorized Representative
Interstate National Dealer Services, Inc.

_ANTHONY R. LEVINSON, CHIEF FINANCIAL OFFICER_
Printed Name and Title

_____ Date: 12/23/15
Tiffany Cheung
Morrison & Foerster LLP
425 Market St.
San Francisco, CA 94105

- 42 -

# Exhibit 1

*Auto Warranty Telemarketing Class Action Settlement*
DIRECT NOTICE PROOF OF CLAIM FORM

Complete the steps below to submit a claim under the settlement described in the Notice. ***You must complete and return this Claim Form (or complete the online claim form at [insert website]) before the deadline to be eligible to receive a payment under the Settlement.***

1.  <u>Records Produced in This Case Indicate the Following Information for You:</u>

    Name:    ____<mark>[POPULATE FIELDS WITH CLASS MEMBER INFORMATION BY ADMINISTRATOR]</mark>

    Address: _____

    City/State/Zip Code: _____

2.

3.  <u>Verify that you are a member of the Settlement Class:</u>

    I certify that, between June 12, 2010, and <mark>[PRELIMINARY APPROVAL DATE]</mark>:                                ☐

    - I received more than one telephone solicitation from or on behalf of Interstate National Dealer Services without my express consent within a twelve-month period to my telephone number that, at the time of the calls, was listed on the National Do Not Call Registry; and/or

    - I received a call from or on behalf of Interstate National Dealer Services to my cellular telephone number without my express consent.

    ☐ By checking this box, I am confirming that, between June 12, 2010, and <mark>[PRELIMINARY APPROVAL DATE]</mark> I owned the telephone number(s) _____ (Please identify your cellular telephone number(s).).

    IF YOUR ADDRESS HAS CHANGED, PLEASE PROVIDE YOUR UPDATED ADDRESS INFORMATION.

    Name: _____

    Address: _____

    City/State/Zip Code: _____

    Telephone number for which claim is submitted: _____

4.  <u>Sign the Claim Form and Mail It to the Settlement Administrator.</u> Sign below and place form in the mail (no postage necessary), postmarked no later than <mark>[DATE]</mark>.

**NOTE:  Only one claim is permitted per class member.**

**I certify that the foregoing statements are true and correct.**  I understand that the Settlement Administrator, Class Counsel, and counsel for Interstate have the right to verify my responses and dispute any claims that are based on inaccurate responses.

Signature: _____        Name: _____        Date: _____

# Exhibit 1A

*Auto Warranty Telemarketing Class Action Settlement*

## ELECTRONIC CLAIM FORM

**Instructions**: A proposed class action settlement has been reached in a lawsuit over allegedly unauthorized calls made by or on behalf of Interstate National Dealer Services, Inc. ("Interstate") for the purpose of offering one or more Interstate products or services. There are two Settlement Classes. You are a member of a Settlement Class if, between June 12, 2010, and [DATE OF PRELIMINARY APPROVAL], you meet the criteria for one or both of the following classes

> **Class One**. All persons within the United States who, within any twelve-month period: (1) were called for telemarketing purposes more than once by or on behalf of Interstate; and (2) at the time of the calls, had the telephone number called registered on the National Do Not Call Registry.

> **Class Two**. All persons within the United States who were called on a cellular telephone number by or on behalf of Interstate.

If you are a member of one or both of the above Settlement Classes, you can use this Claim Form to request a payment by check from the Settlement Fund. **Only one claim is permitted per class member**. This Claim Form offers a single, one-time check payment. The amount you receive will depend on the number of valid claims submitted.

To be eligible for payment, you must complete and submit this Claim Form before the [INSERT DATE] claims deadline. Further details regarding the settlement can be found in the class notice and Settlement Agreement, which are both accessible on this website.

| YOUR CONTACT INFORMATION |
|---|
| Name: _____ |
| *(First)*                              *(Middle Initial)*                              *(Last)* |
| |
| Address: _____ |
| *(Street)* |
| _____ |
| *(City)*                                   *(State)*                              *(Zip Code)* |
| Phone Number: (_____)_____-_____ |
| (This must be the phone number that received the calls related to this settlement.) |
| |
| Email Address: _____ **(optional)** |
| |
| Contact Phone Number:   (_____)_____- _____ |
| (Please provide a phone number where you can be reached if further information is required.) |
| SETTLEMENT CLASS MEMBER VERIFICATION |
| By submitting this Claim Form and checking the boxes below, I certify that I am a member of a Settlement Class and the following statements are true: |

☐ (1) Between June 12, 2010, and [PRELIMINARY APPROVAL DATE], I received more than one telephone solicitation call by or on behalf of Interstate National Dealer Services without my express consent within a twelve-month period to the telephone number above, which, at the time of the calls, was listed on the National Do Not Call Registry.

Date (or approximate date) of call(s): _____

☐ (2) Between June 12, 2010, and [PRELIMINARY APPROVAL DATE], I received a call by or on behalf of Interstate National Dealer Services to my wireless telephone number above without my express consent.

Date (or approximate date) of call(s): _____

☐ (3) All information provided in this Claim Form is true and correct.

Electronic Signature:_____

Date:_____

Your claim will be submitted to the Settlement Administrator for review. If your Claim Form is incomplete or untimely, or contains false information, it may be rejected by the Settlement Administrator.  Class Counsel and Interstate's counsel also have the right to verify your responses and dispute any claims that are based on inaccurate responses. If your claim is approved, you will be mailed a check at the street address you provide. This process takes time; please be patient.

**CLAIM FORMS MUST BE SUBMITTED NO LATER THAN [CLAIMS DEADLINE] TO BE ELIGIBLE FOR PAYMENT.  FILE ONLINE AT [INSERT WEB ADDRESS]. If you have questions, you may call the Settlement Administrator at [CONTACT PHONE NUMBER].**

# Exhibit 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

DIANA MEY, individually and on
behalf of a class of all persons and
entities similarly situated,

        Plaintiff

vs.

INTERSTATE NATIONAL DEALER
SERVICES, INC.,
ALL AMERICAN AUTO
PROTECTION, INC., DAVID
CUNNINGHAM, and
US DIRECT PROTECT.

        Defendants.

Case No. 1:14-cv-01846-ELR-RGV

CLASS ACTION

## FINAL APPROVAL ORDER

This matter having come before the Court on Plaintiff's motion for final
approval (the "Motion for Final Approval") of a proposed class action settlement
(the "Settlement") of the above-captioned action (the "Action") between Plaintiff
Diana Mey and Defendant Interstate National Dealer Services, Inc. ("Interstate"),
pursuant to the parties' Class Action Settlement Agreement and Release (the
"Agreement" or the "Settlement Agreement"), and having duly considered all
papers filed and arguments presented, the Court hereby finds and orders as follows:

    1.    Unless defined herein, all defined terms in this Final Approval Order

and accompanying Judgment shall have the respective meanings set forth in the Agreement.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.      The Court preliminarily approved the Settlement Agreement and entered the Preliminary Approval Order on _____, 2015, and notice was given to all members of the Settlement Class under the terms of the Preliminary Approval Order.

4.      The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Plaintiff, Settlement Class Members, and Interstate, and supporting declarations. The Court has also read and considered any written objections filed by Settlement Class Members. [Alternatively: "The Court has not received any objections from any person regarding the Settlement."] The Court held a hearing on _____, 2016, at which time the parties [and objecting Settlement Class Members] were afforded the opportunity to be heard in support of or in opposition to the Settlement. Furthermore, the Court finds that notice under the Class Action Fairness Act was timely and properly effectuated on _____, 2015, and that ninety (90) days have passed without comment or objection from any governmental entity.

2

5.      Based on the papers filed with the Court and the presentations made to the Court at the hearing, the Court now gives final approval to the Settlement and finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement is the result of arm's-length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

6.      Under Federal Rule of Civil Procedure 23(c), the Court certifies, for settlement purposes only, the following "Settlement Classes":

CLASS ONE

All persons within the United States who, between June 12, 2010, and **[DATE OF PRELIMINARY APPROVAL ORDER]:** (1) were called for telemarketing purposes more than once, within a twelve-month period, at such person's telephone number by or on behalf of Interstate; and (2) at the time of the calls, had the telephone number registered on the National Do Not Call Registry.

CLASS TWO

All persons within the United States who were called on a cellular telephone number by or on behalf of Interstate between June 12, 2010, and **[DATE OF PRELIMINARY APPROVAL ORDER].**

7.      Under Federal Rule of Civil Procedure 23, Diana Mey is hereby appointed as Class Representative and the following are hereby appointed as Class Counsel:

3

Edward Broderick
Anthony Paronich
BRODERICK LAW, P.C.
99 High St., Suite 304
Boston, MA 02110

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, MA 01760

Steven H. Koval
THE KOVAL FIRM, LLC
3575 Piedmont Road
15 Piedmont Center, Suite 120
Atlanta, GA  30305

8.     With respect to the Settlement Classes, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been met, including that the Settlement Classes are sufficiently numerous, that there are questions of law and fact common to members of the Settlement Classes that predominate, that the claims of Ms. Mey are typical of the claims of the Settlement Classes, that Ms. Mey and her counsel adequately represent the interests of the Settlement Classes, and a settlement class action is a superior method of adjudicating this Action.

9.     The Court has determined that the Notice given to the Settlement Classes, in accordance with the Notice Plan in the Agreement and the Preliminary Approval Order, fully and accurately informed members of the Settlement Classes of all material elements of the Settlement and constituted the best notice

practicable under the circumstances, and fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law.

10.    The Court finds that Defendant properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715.

11.    All persons whose names were included on the list supplied by Plaintiff as having made timely and valid requests for exclusion are excluded from the Settlement Classes and are not bound by this Final Approval Order and accompanying Judgment.

12.    The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement, including the releases therein, shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.  Upon the Effective Date, Plaintiff, each and every Settlement Class Member, and the remainder of the Releasing Parties (as defined in the Settlement Agreement) fully, finally, completely, and forever, release, relinquish, acquit, and discharge the Released Parties (as defined in the Settlement Agreement) against all Released Claims, including any and all actual, potential, filed, known or unknown (including Unknown Claims), fixed or contingent, claimed or unclaimed, asserted or unasserted, suspected or unsuspected, material or immaterial, matured or unmatured, anticipated or

unanticipated, hidden or concealed, disclosed or undisclosed, accrued or unaccrued, direct or indirect, individual or representative claims, counterclaims, suits, debts, controversies, promises, losses, sums of money, covenants, assertions, allegations, contentions, actions, demands, liabilities, rights, causes or rights of action, contracts or agreements, extra-contractual claims, damages, punitive, exemplary, or multiplied damages, expenses, costs, attorneys' fees, and/or obligations of any kind or nature whatsoever, whether in law or in equity, based on the TCPA or any other federal law, state law, municipal law, statutory or common law, territorial law, foreign law, contract, regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), or any other law, rule, or regulation against the Released Parties, or any of them, arising out of or relating in any way to any telemarketing, solicitation, or other marketing or dissemination that was made on behalf of Interstate and/or promoted Interstate products or services. This includes, but is not limited to, any telemarketing that was done on behalf of Interstate and/or promoted Interstate products or services by anyone acting on Interstate's behalf or purporting to act on its behalf and any claims based on such marketing arising out of the use of automatic telephone dialing systems and/or an artificial or pre-recorded voice and/or the calling of one or more numbers registered with any national or state do-not-call list, or any federal or state unfair and deceptive practice statutes, invasion of privacy, and/or conversion. The

Released Claims include any and all claims that were brought or could have been brought in the Action.

13.    The Court dismisses this Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiff and all Settlement Class Members. The Court adjudges that, upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them.

14.    On the Effective Date, the Releasing Parties, and each of them, are forever barred and permanently enjoined from directly, indirectly, representatively, or in any other capacity filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from, any lawsuit, any arbitration, or any administrative, regulatory, or other proceeding against any of the Released Parties in any jurisdiction based on or relating in any way to the Released Claims, and the Releasing Parties, and each of them, are forever barred and permanently enjoined from filing, commencing, or prosecuting any lawsuit individually or as a class action against any of the Released Parties (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) based on or relating in any way to the Released

Claims.

15.    The Court further adjudges that upon the Effective Date, the above-described releases and the Settlement Agreement will be binding on and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of the Releasing Parties, and each of them. The Released Parties may file the Settlement Agreement and/or this Final Approval Order and accompanying Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16.    The Plaintiff and all Settlement Class Members shall, as of the Effective Date, conclusively be deemed to have acknowledged that the Released Claims may include claims, rights, demands, causes of action, liabilities, or suits that are not known or suspected to exist as of the Effective Date.  The Plaintiff and all Settlement Class Members nonetheless release all such Released Claims against the Released Parties.  Further, as of the Effective Date, the Class Representative and all Settlement Class Members shall be deemed to have waived any and all protections, rights, and benefits of California Civil Code section 1542 and any comparable statutory or common law provision of any other jurisdiction.

17.     The benefits and payments described in the Agreement are the only consideration, fees, and expenses Interstate or the Released Parties shall be obligated to give to the Class Representative, Settlement Class Members, and Class Counsel in connection with the Agreement, the Released Claims, and the payment of attorneys' fees and expenses.

18.     The Court further adjudges that any defendants in any future lawsuit, arbitration, or administrative, regulatory, or other proceeding, based on or relating in any way to the Released Claims, are forever barred and permanently enjoined from impleading or otherwise alleging, asserting, prosecuting, or litigating any claims against the Released Parties based on or relating in any way to the Released Claims.

19.     Without affecting the finality of this Final Approval Order and accompanying Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement has been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret, and monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and Settlement Class Members for the purpose of implementing and enforcing the Settlement

Agreement, including the bar orders set forth in paragraphs 14 and 18 above.

20.     The Court approves payment of attorneys' fees to Class Counsel in the amount of _____ plus their costs and expenses of $_____. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses, and in response to the filed objections thereto, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable, and the Court notes that the class notice specifically and clearly advised the class that Class Counsel would seek the award.

21.     The Court approves the incentive fee payment of $_____ for Diana Mey and specifically finds such amount to be reasonable in light of the service performed by Plaintiff for the class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

22.     The Agreement and this Order are not admissions of liability or fault by Interstate or the Released Parties, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by Interstate or the Released Parties. The Agreement and settlement are not a concession by Interstate or the Released Parties, and neither this Order or Judgment, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be

offered as evidence or received in evidence or used in any way in any pending or future civil, criminal, or administrative action or any other proceeding to establish any liability or wrongdoing of, or admission by, Interstate, the Released Parties, or any of them. Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this Order or the Judgment in a proceeding to consummate or enforce the Agreement or Judgment, or to defend against the assertion of Released Claims in any other proceeding. All other relief not expressly granted to the Settlement Class Members is denied.

23.    Any objections to the Settlement Agreement are overruled and denied in all respects. The Court finds that no just reason exists for delay in entering this Final Approval Order and accompanying Judgment. Accordingly, the Clerk is hereby directed forthwith to enter this Final Approval Order and accompanying Judgment.

DATED: _____, 2016      _____

                                        Honorable Eleanor L. Ross
                                        United States District Court

# Exhibit 3

filed a class action lawsuit against Interstate National Dealer Services, Inc. ("Interstate"), No. 1:14-CV-01846-ELR-RGV, pending in the U.S. District Court for the Northern District of Georgia (the "Lawsuit"). The Lawsuit alleges that telemarketing calls made by or on behalf of Interstate for the purpose of marketing automobile warranties violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the TCPA). Interstate maintains that it did not make any unsolicited telemarketing calls, or authorize any service providers to do so. It also maintains that it has strong, meritorious defenses to the claims alleged in the Lawsuit and that it was prepared to vigorously defend all aspects of the Lawsuit. Nonetheless, Interstate has agreed to the Settlement to avoid the further expense, inconvenience, and distraction of burdensome litigation.

**Who is included?** You were identified as someone who may have received one of these phone calls since June 12, 2010. Specifically, you are a Settlement Class Member if, between June 12, 2010, and **[PRELIMINARY APPROVAL DATE]**: (a) more than one telephone solicitation was allegedly initiated or made by or on behalf of Interstate within a twelve-month period to your telephone number that, at the time of the calls, was listed on the National Do Not Call Registry; and/or (b) a call was allegedly initiated or made by or on behalf of Interstate to your cellular telephone number.

**How much money can I get?** If the Court approves the Settlement, every Settlement Class Member who submits a valid Claim Form will be entitled to an equal payment from the Settlement Fund. Your actual payment amount will depend on how many Settlement Class Members submit valid Claim Forms. The Settlement Fund will be divided and distributed equally—sometimes referred to as "pro rata"—to all Settlement Class Members who submit a valid Claim Form after attorneys' fees, costs and expenses, an award for the Class Representative, and notice and administration costs have been deducted.

**How can I get a payment?** You must complete and mail the attached Claim Form by no later than **[DATE]**. Claim Forms may also be completed online at AutoWarrantyCallSettlement.com or may be obtained by calling the Settlement Administrator at **XXX-XXX-XXXX.**

**What are my options?** If you are a Settlement Class Member and you submit a Claim Form or do nothing, and the Court approves the Settlement, you will be bound by all of the Settlement terms, including the releases of claims. You may "opt out" (exclude yourself) from the Settlement. If you opt out, you will not receive a payment, and you will not release any claims. You will be free to pursue whatever legal rights you may have at your own risk and expense. To exclude yourself from the Settlement, you must mail a request for exclusion to the Auto Warranty Telemarketing Settlement Administrator, **[P.O. Box xxxx, City ST xxxx-xxxx]** postmarked by **[INSERT DATE]** that includes your full name, address, telephone number or numbers you maintain were called, a statement that you wish to be excluded from the Settlement, and your personal signature. A request to be excluded that does not comply with all of the above criteria will be considered invalid. Unless you properly exclude yourself from this Settlement, you give up your right to sue or continue a lawsuit over the issues in this settlement. You may object to the Settlement by submitting a written objection in *Mev v. Interstate National Dealer Services, Inc.*, No. 14-CV-01846, postmarked by **[INSERT DATE]** to (1) the Clerk of Court, U.S. District Court for the Northern District of Georgia, 75 Ted Turner Dr. SW, Atlanta, GA 30303; and (2) the Auto Warranty Telemarketing Settlement Administrator (address provided above). Any objection must include your full name; address; telephone numbers that you maintain were called; all grounds for your objection, with factual and legal support for each stated ground; the identity of any witnesses you may call to testify; copies of any exhibits that you intend to introduce into evidence; and a statement of whether you intend to appear at the Final Approval Hearing with or without counsel. Attendance at the hearing is not necessary. If you want to be heard orally (either personally or through counsel) in opposition to the Settlement, you must file a timely objection as set forth above.

**When will the Settlement be finally approved?** The Court will hold the Final Approval Hearing at **[TIME]** on **[DATE]** at the U.S. District Court for the Northern District of Georgia. At the hearing, the Court will consider whether to approve: the proposed Settlement as fair, reasonable, and adequate; Class Counsel's request of $1,400,000 in fees in addition to their costs and expenses; and a $15,000 payment to the Class Representative. The Court will also hear objections to the Settlement. If approval is denied, reversed on appeal, or does not become final, the case will continue and claims will not be paid.

**Want more information?** The Settlement Agreement and other relevant documents are available at AutoWarrantyCallSettlement.com. Pleadings and documents filed in Court may be reviewed or copied in the office of the Clerk. Please do not call the Judge or the Clerk of the Court. They cannot give you advice on your options.



NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

# BUSINESS REPLY MAIL
FIRST-CLASS MAIL  PERMIT NO. 1810  PROVIDENCE RI

POSTAGE WILL BE PAID BY ADDRESSEE

TBD                    SETTLEMENT ADMINSTRATOR

PO BOX 43067
PROVIDENCE RI 02940-5143

**PLACEHOLDER BRM PANEL: DO NOT USE.**
**THIS SECTION IS FOR**
**DEMONSTRATION ONLY**

# Exhibit 4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

DIANA MEY, individually and on
behalf of a class of all persons and
entities similarly situated,

        Plaintiff

vs.

INTERSTATE NATIONAL DEALER
SERVICES, INC.,
ALL AMERICAN AUTO
PROTECTION, INC., DAVID
CUNNINGHAM, and
US DIRECT PROTECT.

        Defendants.

Case No. 1:14-cv-01846-ELR-RGV

CLASS ACTION

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

## THIS NOTICE CONCERNS SETTLEMENT OF A LAWSUIT THAT MAY ENTITLE YOU TO RECEIVE A PAYMENT

This is a Notice of a proposed Settlement in a class action lawsuit captioned *Mey v. Interstate National Dealer Services, Inc.*, No. 14-CV-01846, pending in the U.S. District Court for the Northern District of Georgia ("the Lawsuit"). The Settlement would resolve a lawsuit brought on behalf of persons who received calls allegedly made by or on behalf of Interstate National Dealer Services, Inc. ("Interstate") that were made for the purpose of marketing automobile warranties to (a) telephone numbers listed on the National Do Not Call Registry and/or (b) wireless telephone numbers.

## WHAT IS THE LAWSUIT ABOUT?
The lawsuit alleges that telemarketing calls made by or on behalf of Interstate violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

Interstate maintains that it did not make any unsolicited telemarketing calls, or authorize any service providers to do so. Further, Interstate maintains that it has strong, meritorious defenses to the claims alleged in the Action and that it was prepared to vigorously defend all aspects of the Action. Nonetheless, Interstate has agreed to the Settlement to avoid the further expense, inconvenience, and distraction of burdensome litigation. The Court has preliminarily approved this class action settlement. There are two Settlement Classes. You are a member of a Settlement Class if, between June 12, 2010, and **[DATE OF PRELIMINARY APPROVAL ORDER],** you meet the criteria for one or both of the following classes:

### CLASS ONE

All persons within the United States who, within a twelve-month period: (1) were called for telemarketing purposes more than once by or on behalf of Interstate; and (2) at the time of the calls, had the telephone number called registered on the National Do Not Call Registry

### CLASS TWO

All persons within the United States who were called on a cellular telephone number by or on behalf of Interstate.

The following Persons are excluded from the Settlement Classes: Interstate; any parent, subsidiary, officer, director, or employee of Interstate as of the entry of the Preliminary Approval Order; Class Counsel; the Settlement Administrator; the Mediator; and any judge presiding over the Action.

**WHAT IS A CLASS ACTION?**
In a class action, one or more people or entities, called "class representatives" (in this case, Diana Mey), sue on behalf of people who have similar claims. All of those people together are a "class" or "class members." The Settlement in this Lawsuit, if approved by the Court, resolves the claims of all Settlement Class members, except for those who exclude themselves from the Settlement Classes.

**WHY IS THERE A SETTLEMENT?**
The Court did not decide in favor of the Plaintiff or Interstate. Instead, both sides have agreed to a Settlement. This avoids the cost, risk, and delay of trial. Under the

2

Settlement, members of the Settlement Classes will have the opportunity to obtain a payment in exchange for giving up certain legal rights. The Class Representative and the lawyers who brought the Lawsuit ("Class Counsel") think the Settlement is best for all Settlement Class members.

**WHAT DOES THE SETTLEMENT PROVIDE?**

The total amount of the Settlement Fund is $4,200,000. Class Counsel (listed below) will ask the Court to award them $1,400,000 in attorneys' fees in addition to their expenses for the time and effort they put into this case. The Class Representative also will apply to the Court for a payment of $15,000 in recognition of her service to the Settlement Classes. Any amounts awarded to Class Counsel and the Class Representative will be paid from the Settlement Fund. The Settlement Fund also will cover costs associated with notice and administration of the Settlement. These costs include the cost of mailing and publishing notice of the Settlement, as well as the costs of administering the Settlement Fund. Attorneys' fees, the Class Representative's service payment, and the expenses of notice and administration will be deducted from the Settlement Fund before the balance is divided and distributed to Settlement Class members who submit valid claims.

**HOW MUCH WILL I BE PAID?**

If the Court approves the Settlement, every Settlement Class member who submits a claim that the Settlement Administrator determines is valid will be entitled to an equal payment from the Settlement Fund. That is, the amount of the Settlement Fund available for distribution will be divided equally—sometimes referred to as "pro rata"—among all Settlement Class members who submit valid claims.

**YOUR OPTIONS**

Your choices are to:

1. **Submit a Claim.** If the Court approves the Settlement, every Settlement Class member who submits a valid claim will be entitled to an equal, pro rata payment from the Settlement Fund. To be eligible to receive a payment from the Settlement Fund, you must submit a complete claim form by no later than [**DATE**]. You can obtain a claim form from the Settlement Administrator by calling XXX-XXX-XXXX, or you can complete an online claim form at AutoWarrantyCallSettlement.com. Claim forms that are not fully and truthfully completed will not be approved. If you are a member of a Settlement Class and you submit a claim, and the Settlement is finally approved by the Court, you will be bound by all of the terms of the Settlement, including the releases of claims against Interstate and the other Released Parties.

3

2. **Do Nothing.** If you are a Settlement Class member and you do nothing, and the Settlement is finally approved by the Court, you will be bound by all of the terms of the Settlement, including the releases of claims, but you will not be eligible to receive a payment from the Settlement Fund.

3. **Exclude yourself.** You may "opt out" and exclude yourself from the Settlement. If you opt out, you will not be eligible to receive any payment, and you will not release any claims you may have—you will be free to pursue whatever legal rights you may have at your own risk and expense. To exclude yourself from the Settlement, you must mail a request for exclusion to the Settlement Administrator, **[INSERT ADDRESS]**, postmarked by **[INSERT DATE]**, that includes your full name, address, telephone number or numbers that you maintain were called, a statement that you wish to be excluded from the Settlement, and your personal signature. A request to be excluded that does not comply with all of the above criteria will be considered invalid. If you make such an invalid exclusion request, you will be bound by all of the terms of the Settlement, if finally approved by the Court, including the releases of claims, but you will not be eligible to receive a payment from the Settlement Fund.

4. **Object to the Settlement**. You may object to the Settlement by submitting a written objection in *Mey v. Interstate National Dealer Services, Inc.*, Civil Action No. 14-CV-01846, to the Clerk of Court, United States District Court for the Northern District of Georgia, 75 Ted Turner Dr. SW, Atlanta, GA 30303, postmarked by **[INSERT DATE].** You must also send a copy of your objection to the Settlement Administrator, **[INSERT ADDRESS]**, also postmarked by **[INSERT DATE]**. Any objection to the Settlement must include your full name; address; telephone numbers that you maintain were called; all grounds for your objection, with factual and legal support for each stated ground; the identity of any witnesses you may call to testify; copies of any exhibits that you intend to introduce into evidence at the Final Approval Hearing; and a statement of whether you intend to appear at the Final Approval Hearing with or without counsel. Attendance at the hearing is not necessary; however, persons wishing to be heard orally (either personally or through counsel) in opposition to the approval of the Settlement are required to file a timely objection as set forth above. If you submit an objection to the Settlement that does not meet the above criteria, your objection will be considered invalid and waived, such that you will be barred from making that objection in this Lawsuit or any other action or proceeding.

**HOW CAN I SUBMIT A CLAIM TO RECEIVE A PAYMENT?**

To submit a claim, complete and submit a timely Claim Form no later than [**DATE**]. You may submit a Claim Form online through the Settlement website, AutoWarrantyCallSettlement.com, or by obtaining a Claim Form from the Settlement Administrator by calling **XXX-XXX-XXXX** and mailing it back to the Settlement Administrator at [**ADDRESS**]. If your claim is approved, and you receive a check from the Settlement Administrator, **YOU MUST CASH THE CHECK WITHIN 90 DAYS OF THE DATE IT WAS ISSUED.** If you do not cash the check within 90 days of the date it was issued as indicated on the check, you agree that you waive your claim for payment and the check shall be rescinded and void and an amount equal to the amount of uncashed checks may be distributed pro rata to class members who did cash their checks.

**WHEN WILL I BE PAID?**

If the Court approves the Settlement, you will be paid after the court order becomes final. If there is an appeal of the Settlement, payment may be delayed. The Settlement Administrator will provide information about the timing of payment at AutoWarrantyCallSettlement.com.

**WHO REPRESENTS THE SETTLEMENT CLASS?**

The attorneys who have been appointed by the Court to represent the Settlement Classes as Class Counsel are:

| | | |
|---|---|---|
| Edward A. Broderick | Matthew P. McCue | Steven H. Koval |
| Anthony I. Paronich | The Law Office of | The Koval Firm, LLC |
| Broderick Law, P.C. | Matthew P. McCue | 3575 Piedmont Road |
| 99 High St., Suite 304 | 1 South Ave, Third | 15 Piedmont Center, Suite |
| Boston, MA 02110 | Floor | 120 |
| | Natick, MA 01760 | Atlanta, GA 30305 |

**SHOULD I HIRE MY OWN LAWYER?**

You don't need to hire your own lawyer because Class Counsel are working on your behalf. But, if you want your own lawyer, you will have to pay that lawyer. For example, you can ask your lawyer to appear in Court for you if you want someone other than Class Counsel to represent you.

**WHAT RIGHTS AM I GIVING UP IN THIS SETTLEMENT?**

If the Court gives final approval to the Settlement, Settlement Class members that have not filed valid exclusion requests will be deemed to have released their rights

5

to sue or continue a lawsuit against Interstate and the other Released Parties related to the issues in this Settlement.  Giving up your legal claims is called a release.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**

The Court will hold a Final Approval Hearing (the "Hearing") at **[TIME]** on **[DATE]**. The hearing will be held at the United States District Court for the Northern District of Georgia, **[INSERT ADDRESS]**. At the Hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate and whether to approve the Settlement. The Court will hear objections to the Settlement, if any. At the Hearing, the Court will also consider Class Counsel's request for attorneys' fees of $1,400,000 in addition to their costs and for an incentive award of $15,000 to the named plaintiff. The Hearing may be continued at any time by the Court without further notice to you. If the Court does not approve the Settlement, or if it approves the Settlement and the approval is reversed on appeal, or if the Settlement does not become final for some other reason, you will not be paid at this time and the case will continue. The parties may negotiate a different settlement or the case may go to trial.

**DO NOT ADDRESS QUESTIONS ABOUT THE SETTLEMENT OR THE LAWSUIT TO THE CLERK OF THE COURT OR TO THE JUDGE. MORE INFORMATION ABOUT THE SETTLEMENT IS AVAILABLE AT WWW.AUTOWARRANTYCALLSETTLEMENT.COM OR TOLL-FREE AT _____.**

DATED: _____, 2016

# Exhibit 5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

DIANA MEY, individually and on
behalf of a class of all persons and
entities similarly situated,

      Plaintiff

vs.

INTERSTATE NATIONAL DEALER
SERVICES, INC.,
ALL AMERICAN AUTO
PROTECTION, INC., DAVID
CUNNINGHAM, and
US DIRECT PROTECT.

      Defendants.

Case No. 1:14-cv-01846-ELR-RGV

CLASS ACTION

## <u>PRELIMINARY APPROVAL ORDER</u>

WHEREAS, this Action is a putative class action under the Telephone

Consumer Protection Act, 47 U.S.C. § 227, *et seq.*;

WHEREAS, Plaintiff Diana Mey has filed an unopposed Motion for

Preliminary Approval of a Classwide Settlement (the "Motion");

WHEREAS, the Motion attaches and incorporates a Class Action Settlement

Agreement and Release[1] (the "Settlement Agreement") that, together with the

exhibits thereto, set forth the terms and conditions for the settlement of claims, on

---

[1] Unless otherwise defined herein, all capitalized names have the definitions set forth in the
Settlement Agreement.

a classwide basis, against Interstate National Dealer Services, Inc. ("Interstate") and other Released Parties as more fully set forth below; and

WHEREAS, the Court having carefully considered the Motion and the Settlement Agreement, and all of the files, records, and proceedings herein, and the Court determining upon preliminary examination that the Settlement Agreement appears to be fair, reasonable, and adequate, and that the proposed plan of notice to the Settlement Classes is the best notice practicable under the circumstances and consistent with requirements of due process and Federal Rule of Civil Procedure 23, and that a hearing should and will be held after notice to the Settlement Classes to confirm that the Settlement Agreement is fair, reasonable, and adequate, and to determine whether this Court should enter a judgment approving the Settlement and an order of dismissal of this action based upon the Settlement Agreement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2.      For purposes of settlement only, the Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Classes described below.

3.      The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the

Classes.   The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides beneficial relief to the Classes.  The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations involving experienced counsel made with the assistance of the Honorable Morton Denlow (Ret.); (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to the Classes; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act (CAFA), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by Defendants.

**Certification of Settlement Class**

4.     Under Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for purposes of settlement only, two Settlement Classes are preliminarily certified, consisting of the following classes:

> CLASS ONE
>
> All persons within the United States who, between June 12, 2010, and **[DATE OF PRELIMINARY APPROVAL ORDER]:** (1) were called for telemarketing purposes more than once within a twelve-month period, at such person's telephone number by or on behalf of Interstate; and (2) at the time of the calls, had the telephone number registered on the National Do Not Call Registry.
>
> CLASS TWO
>
> All persons within the United States who were called on a cellular telephone number by or on behalf of Interstate, between June 12, 2010, and **[DATE OF PRELIMINARY APPROVAL ORDER].**

3

5.      All Persons who are members of the Settlement Classes who have not submitted a timely request for exclusion are referred to collectively as "Settlement Class Members" or individually as a "Settlement Class Member."

6.      For purposes of settlement only, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been met, including that the Settlement Classes are sufficiently numerous, that there are questions of law and fact common to members of the Settlement Classes that predominate, that the claims of Ms. Mey are typical of the claims of the Settlement Classes, that Ms. Mey and her counsel adequately represent the interests of the Settlement Classes, and that a settlement class action is a superior method of adjudicating this Action.

7.      Under Federal Rule of Civil Procedure 23, and for settlement purposes only, Plaintiff Diana Mey is hereby appointed Class Representative and the following are hereby appointed as Class Counsel:

> Edward Broderick
> Anthony Paronich
> BRODERICK LAW, P.C.
> 99 High St., Suite 304
> Boston, MA 02110
>
> Matthew P. McCue
> THE LAW OFFICE OF MATTHEW P. MCCUE
> 1 South Avenue, Suite 3
> Natick, MA 01760

Steven H. Koval
THE KOVAL FIRM, LLC
3575 Piedmont Road
15 Piedmont Center, Suite 120
Atlanta, GA 30305

**Notice and Administration**

8.     The Court hereby approves of A.B. Data to perform the functions and duties of the Settlement Administrator set forth in the Settlement Agreement— including effectuating the Notice Plan, providing Notice to the Settlement Class, and reviewing and approving validly submitted Claim Forms—and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement.

9.     The Court has carefully considered the Notice Plan set forth in the Settlement Agreement. The Court finds that the Notice Plan constitutes the best notice practicable under the circumstances, and satisfies fully the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and the requirements of any other applicable law, such that the terms of the Settlement Agreement, the releases provided for therein, and this Court's final judgment will be binding on all Settlement Class Members.

10.     The Court hereby approves the Notice Plan and the form, content, and requirements of the Notice described in and attached as exhibits to the Settlement Agreement. The Settlement Administrator shall cause the Notice Plan to be

executed within twenty-one (21) days following the entry of this Order. Class Counsel shall, prior to the Final Approval Hearing, file with the Court a declaration executed by the Settlement Administrator attesting to the timely completion of the Notice Plan.

11.     Settlement Class Members who wish to receive benefits under the Settlement Agreement must complete and submit a Claim Form in accordance with the instructions provided on such form. Only one claim is permitted per Settlement Class Member. The Court hereby approves as to form and content the Claim Forms attached to the Settlement Agreement. All Claim Forms must be postmarked or received by the Settlement Administrator by no later than _____, 2016.

12.     All costs of providing notice to the Settlement Class, processing Claim Forms, and administering distributions from the Settlement Fund shall be paid out of the Settlement Fund, as provided by the Settlement Agreement.

**Exclusion and "Opt-Outs"**

13.     Each and every member of the Settlement Class shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, unless such persons request exclusion from the Settlement in a timely and proper manner, as hereinafter provided.

14.     A member of the Settlement Class wishing to request exclusion (or

6

"opt-out") from the Settlement shall mail the request in written form, by first-class mail, postage prepaid, and postmarked no later than **_____, 2016**, to the Settlement Administrator at the address specified in the Notice. In the written request for exclusion, the member of the Settlement Class must state his or her full name, address, and telephone number(s) that allegedly received the calls at issue in this Settlement. Further, the written request for exclusion must include a statement that the member of the Settlement Class submitting the request wishes to be excluded from the Settlement, and the personal signature of the member of the Settlement Class submitting the request. The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above. No member of the Settlement Class, or any person acting on behalf of or in concert or in participation with a member of the Settlement Class, may request exclusion of any other member of the Settlement Class from the Settlement.

15.     Members of the Settlement Class who timely request exclusion from the Settlement will relinquish their rights to benefits under the Settlement and will not release any claims against Interstate or any of the other Released Parties.

16.     All Settlement Class Members who do not timely and validly request exclusion shall be so bound by all terms of the Settlement Agreement and by the Final Approval Order and Judgment even if they have previously initiated or

subsequently initiate individual litigation or any other proceedings against Interstate or any of the other Released Parties.

17.    The Settlement Administrator will promptly provide all Parties with copies of any exclusion requests, and Plaintiff shall file a list of all persons who have validly opted out of the Settlement with the Court prior to the Final Approval Hearing.

**Objections**

18.    Any Settlement Class Member who does not file a timely request for exclusion, but who wishes to object to approval of the proposed Settlement, to the award of attorneys' fees and expenses, or to the compensation award to the Class Representative must file with the Court a written statement that includes: his or her full name; address; telephone numbers that he or she maintains received a call at issue in this Settlement; all grounds for the objection, with factual and legal support for each stated ground; the identity of any witnesses he or she may call to testify; copies of any exhibits that he or she intends to introduce into evidence at the Final Approval Hearing; and a statement of whether he or she intends to appear at the Final Approval Hearing with or without counsel. Any objecting Settlement Class Member also must send a copy of the filing to the Settlement Administrator at the same time it is filed with the Court. The Court will consider objections to the Settlement, to the award of attorneys' fees and expenses, or to the compensation

award to the Class Representative only if, on or before **_____, 2016**, such objections and any supporting papers are filed in writing with the Clerk of this Court and served on the Settlement Administrator.

19.     A Settlement Class Member who has timely filed a written objection as set forth above may appear at the Final Approval Hearing in person or through counsel to be heard orally regarding their objection. It is not necessary, however, for a Settlement Class Member who has filed a timely objection to appear at the Final Approval Hearing. No Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlement and/or the request for attorneys' fees and expenses and/or the request for a compensation award to the Class Representative will be heard unless that person has filed a timely written objection as set forth above. No non-party, including members of the Settlement Class who have timely opted out of the Settlement, will be heard at the Final Approval Hearing.

20.     Any member of the Settlement Class who does not make an objection to the Settlement in the manner provided herein shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order and Judgment.

**Final Approval Hearing**

21.     The Federal Rule of Civil Procedure 23(e) Final Approval Hearing is hereby scheduled to be held before the Court on **_____, 2016 at _____ a.m.** for the following purposes:

(a)     to finally determine whether the applicable prerequisites for settlement class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are met;

(b)     to determine whether the Settlement is fair, reasonable, and adequate, and should be given final approval by the Court;

(c)     to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;

(d)     to consider the application for an award of attorneys' fees and expenses of Class Counsel;

(e)     to consider the application for a compensation award to the Class Representative;

(f)     to consider the distribution of the Settlement benefits under the terms of the Settlement Agreement; and

(g)   to rule upon such other matters as the Court may deem appropriate.

22.   On or before fourteen (14) days prior to the deadline for objections and exclusions, Class Counsel shall post to the settlement website and file any application for attorneys' fees and expenses and a compensation award to the Class Representative. Papers in support of final approval of the settlement shall be filed within fourteen (14) days prior to the Final Approval Hearing.  The Final Approval Hearing may be postponed, adjourned, transferred, or continued by order of the Court without further notice to the Settlement Class. At, or following, the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all class members.

23.   For clarity, the deadlines the Parties shall adhere to are as follows:

**Class Notice Mailed by:**            _____, 2016

**Objection/Exclusion Deadline:**      _____, 2016

**Claims Deadline:**                   _____, 2016

**Final Approval Hearing:**            _____, 2016 at _____ a.m.

24.   Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

**Further Matters**

25.     All discovery and other pretrial proceedings in the Action as between the Plaintiff and Interstate are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

26.     In order to protect its jurisdiction to consider the fairness of this Settlement Agreement and to enter a Final Order and Judgment having binding effect on all Settlement Class Members, the Court hereby enjoins all Settlement Class Members, and anyone who acts or purports to act on their behalf, from pursuing or continuing to pursue all other proceedings in any state or federal court or any other proceeding that seeks to address any Releasing Party's or Settlement Class Member's rights or claims relating to, or arising out of, any of the Released Claims.   The Court further enjoins any defendants in any future lawsuit, arbitration, or any administrative, regulatory, or other proceeding, based on or relating in any way to the Released Claims, from impleading or otherwise alleging, asserting, prosecuting, or litigating any claims against the Released Parties based on or relating in any way to the Released Claims.

27.     In the event that the Settlement Agreement is terminated under the terms of the Settlement Agreement, or for any reason whatsoever the approval of it does not become final and no longer subject to appeal, then: (i) the Settlement

Agreement shall be null and void, including any provisions related to the award of attorneys' fees and expenses, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner of or any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated and of no further force or effect whatsoever, as if it had never been entered; and (iv) any party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

28.    The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

DATED: _____, 2015        _____

                                                              Honorable Eleanor L. Ross
                                                              United States District Court

13

# Exhibit 6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

DIANA MEY, individually and on
behalf of a class of all persons and
entities similarly situated,

        Plaintiff

vs.

INTERSTATE NATIONAL DEALER
SERVICES, INC.,
ALL AMERICAN AUTO
PROTECTION, INC., DAVID
CUNNINGHAM, and
US DIRECT PROTECT.

        Defendants.

Case No. 1:14-cv-01846-ELR-RGV

CLASS ACTION

## [PROPOSED] FINAL JUDGMENT

For the reasons set forth in this Court's Final Approval Order, in the above-captioned matter as to the following classes of persons:

### CLASS ONE

All persons within the United States who, between June 12, 2010, and
**[DATE OF PRELIMINARY APPROVAL ORDER]**: (1) were
called for telemarketing purposes more than once, within a twelve-month period, at such person's telephone number by or on behalf of
Interstate National Dealer Services, Inc. ("Interstate"); and (2) at the
time of the calls, had the telephone number registered on the National
Do Not Call Registry

<u>CLASS TWO</u>

All persons within the United States who were called on a cellular telephone line by or on behalf of Interstate, between June 12, 2010, and **[DATE OF PRELIMINARY APPROVAL ORDER]**

**JUDGMENT IS HEREBY ENTERED**, pursuant to Federal Rule of Civil Procedure 58, as to the above-specified classes of persons, Plaintiff Diana Mey (the "Class Representative"), and Interstate and the Released Parties, on the terms and conditions of the Class Action Settlement and Release (the "Settlement Agreement") approved by the Court's _____, 2016, Final Approval Order.

1.      The Court, for purposes of this Final Judgment, adopts the terms and definitions set forth in the Settlement Agreement incorporated into the Final Approval Order.

2.      All Released Claims of the Releasing Parties are hereby released as against Defendants and all other Released Parties, as defined in the Settlement Agreement.

3.      The claims of the Class Representative and the Settlement Classes are dismissed on the merits and with prejudice in accordance with the Court's Final Approval Order.

4.      The Parties shall bear their own costs and attorneys' fees, except as otherwise set forth in the Final Approval Order.

5.      This document constitutes a final judgment and separate document for

purposes of Federal Rule of Civil Procedure 58(a).

6.     The Court finds, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, that this Final Judgment should be entered and that there is no just reason for delay in the entry of this Final Judgment as to Plaintiffs and Defendants. Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

**IT IS SO ORDERED.**

**JUDGMENT ENTERED** this _____, 2016.


_____
Honorable Eleanor L. Ross
United States District Court