# IN THE UNITED STATES DISTRICT COURT
## FORTHE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| DIANA MEY, individually and on behalf of a class of all persons and entities similarly situated, <br><br> Plaintiff <br><br> vs. <br><br> INTERSTATE NATIONAL DEALER SERVICES, INC., <br> ALL AMERICAN AUTO PROTECTION, INC., DAVID CUNNINGHAM, and <br> US DIRECT PROTECT. <br><br> Defendants. | Case No. 1:14-cv-01846-ELR <br><br> CLASS ACTION |

**PLAINTIFF'S MOTION FOR AN AWARD
OF ATTORNEYS' FEES AND INCENTIVE AWARD
IN CONNECTION WITH THE CLASS ACTION SETTLEMENT**

## BACKGROUND

This proposed class action settlement concerns allegations that Interstate National Dealer Services, Inc. ("Interstate") an auto warranty company, hired third parties, including the co-defendants, who placed unsolicited telephone calls to the wireless telephones of consumers using an automatic telephone dialing system or an artificial or prerecorded voice without their prior express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA").[1]

After more than a year of litigation, extensive discovery with the defendants and third parties, including entities in a foreign country, a full-day mediation with the Honorable Morton Denlow (Ret.) and additional, protracted settlement discussions, all done under the threat of multiple potentially dispositive cases pending before the United States Supreme Court, the parties reached a proposed class action settlement, which this Court preliminarily approved on as preliminarily approved by this Court on January 28, 2016. [ECF No. 163].[2]

The Settlement requires Interstate to pay an amount of $4.2 million, which will be paid on a *pro rata* basis to Settlement Class Members who submit Approved

---

[1] Interstate denies these allegations.

[2] Pursuant to that Order, the Plaintiff is filing this motion and placing this petition on the settlement website.

Claims[3], after payment of Settlement Administration Expenses, Class Counsel's Fee Award, and any incentive award to the Class Representative. The Settlement is completely non-reversionary—all unclaimed or undistributed amounts remaining in the Settlement Fund after all payments under the Settlement Agreement will, to the extent administratively feasible, be redistributed to the Settlement Class.

Plaintiff Diana Mey, through counsel and pursuant to Fed. R. Civ. P. 23(h), moves this Court for an award equal to one-third of the common fund obtained in the class action settlement of this action, plus incurred out-of-pocket costs of $72,970. Plaintiff also requests that the Court approve an incentive award for her of $15,000, for her service as representative of the Settlement Class. As explained below, the requested Fee Award is in line with the market rate for similar attorney services in this jurisdiction, and fairly reflects the result achieved. Similarly, the requested incentive award is comparable to other TCPA cases, and should be approved.

## ARGUMENT

The "common fund" doctrine applies where, as here, litigation results in the recovery of a certain and calculable fund on behalf of a group of beneficiaries. The Eleventh Circuit and other federal courts have long recognized that when counsels' efforts result in the creation of a common fund that benefits the plaintiff and unnamed

---

[3] At the time of the filing of this motion, there have been more than 50,000 claims made.

class members, counsel have a right to be compensated from that fund for their successful efforts in creating the fund. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) ("[A] lawyer who recovers a common fund … is entitled to a reasonable attorneys' fee from the fund as a whole."); *Camden I Condominium Ass'n v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991) ("Henceforth in this circuit, attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class.")

**A. Attorneys' Fees Should Be Calculated as One-Third of the Common Fund.**

Federal Rule of Civil Procedure 23(h) and the common fund doctrine authorize the award of reasonable attorneys' fees to class counsel as permitted by law or by the parties' agreement. Fed. R. Civ. P. 23(h); *Boeing Co. v. Van Gemert*, 444 U.S. 472, 480 (1980). "It is well established that when a representative party has conferred a substantial benefit upon a class, counsel is entitled to an allowance of attorneys' fees based upon the benefit obtained." *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1358 (S.D. Fla. 2011); *see also Camden I Condominium Ass'n v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991) ("Attorneys in a class action in which a common fund is created are entitled to compensation for their services from the common fund, but the amount is subject to court approval.").

In the Eleventh Circuit, "'attorney's fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the

class.'" *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1294 (11th Cir. 1999) (quoting *Camden I Condo. Ass'n, Inc.*, 946 F.2d at 774). And while this Court of course has discretion to determine the reasonableness of the requested fee award, negotiated fee awards in class action settlements are encouraged. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("A request for attorneys' fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of the fee.").

While there is no mandate that a particular percentage of a common fund be awarded as attorneys' fees, the Eleventh Circuit has found that the benchmark in common fund class settlements for attorney's fees is 30%. *See Camden I Condo. Ass'n*, 946 F.2d at 774. The benchmark, however, is only that. The award may, and often does, exceed it. *Id.* at 774-775 (as a general rule, "an upper limit is 50%"); *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295–96 (11th Cir.1999) (affirmed class attorneys' award of 33.3%). *See, e.g., Wolff v. Cash 4 Titles*, No. 03-cv-22778, 2012 WL 5290155, at *6 (S.D. Fla. Sept. 26, 2012) (referencing empirical studies showing that, "regardless of whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery[,]" and noting that "*[t]he average* percentage award in the Eleventh Circuit mirrors that of awards nationwide—*roughly one-third*") (emphasis added).

5

The mediated cost and fee award here is one-third. An award of attorneys' fees at the market rate is necessary to provide attorneys the incentive to take class actions, and without such an incentive, consumers would be faced with substantial difficulties finding counsel willing to undertake meritorious, but high-risk, litigation. It is for this reason that other federal courts in Georgia have upheld identical fee awards. *See e.g. Morefield v. NoteWorld, LLC,* 2012 U.S. Dist. LEXIS 54664 (S.D. Ga. Apr. 18, 2012) (awarding one-third of the common fund for attorney's fees).

**B. The Cost and Fee Amount Is Also Reasonable under the *Johnson* Factors.**

In cases where fees are sought in excess of 25%, the Eleventh Circuit also endorses using the factors articulated in *Johnson v. Georgia Highway Expr., Inc.*, 488 F.2d 714 (5th Cir. 1974), to confirm the reasonableness of fees and costs. *See Camden I Condo. Ass'n*, 946 F.2d at 775. The "Johnson factors" are (1) the time and labor required[4]; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is contingent; (7) the time limitations imposed; (8) the amount involved and results obtained; (9) the experience,

---

[4] The Eleventh Circuit made clear in *Camden I* that percentage of the fund is the exclusive method for awarding fees in common fund class actions ... "[and] [t]he lodestar approach should not be imposed through the back door via a 'cross-check.'" *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d at 1362.

reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Camden I*, 946 F.2d at 772. Examination of these factors further establishes the reasonableness of the cost and fee amount here.

**1. The Time and Labor Required, Preclusion from Other Employment and the Time Limits Imposed Justify the Cost and Fee Amount.**

The first, fourth, and seventh *Johnson* factors—the time and labor, preclusion of other employment, and time limitations imposed, respectively—are interrelated inquires and each support the reasonableness of the request. Class Counsel had to engage in substantial litigation against a well-heeled defendant and sophisticated defense counsel to reach the Settlement.

The work needed here was extensive. Discovery in this case was hard fought, with 12 discovery related motions briefed over the life of the case. Plaintiff issued approximately 20 third party subpoenas, designed to both identify class members and further develop her theories of vicarious liability with respect to Interstate. The Plaintiff also received more than 200,000 pages of documents from the defendants and third parties throughout the course of discovery.

In the aggregate, Plaintiff's counsel expended more than 1,430 hours litigating this case with a lodestar total of $824,838.50. *See* Exhibit 1, Affidavits of Edward A. Broderick, Anthony I. Paronich, Matthew P. McCue and Steven H. Koval. The rates

7

offered have previously been awarded to Plaintiff's counsel by other federal courts. *See e.g. Charvat v. AEP Energy, Inc.*, Civil Action No. 13-cv-00662 (N.D. Ill. Jan. 16, 2015) (awarding one-third of the total common fund while approving Plaintiff's counsel hourly rates); *Jay Clogg Realty Group, Inc. v. Burger King Corporation*, Civil Action No. 13-cv-00662, (D. Md. April 15, 2015) (same); *Kensington Physical Therapy, Inc. v. Jackson Therapy Partners, LLC*, Civil Action No. 11-CV-02467 (D. Md. October 28, 2014) (same). Furthermore, the time spent does not include the work still to come if final approval is granted, which will include supervising the administration of the settlement, answering Settlement Class Member questions, and resolving any issues that arise.

Class counsel's lodestar time represents a 1.69 multiplier of the attorney's fees sought. This is *less* than the appropriate risk-multiplier awarded by other courts in this district. *See Ingram v. Coca-Cola Co.*, 200 F.R.D. 685, 696 (N.D. Ga. 2001) ("courts have used applied multipliers that range from less than two times the reasonable time charges to more than five times the reasonable charge."); *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 356 (N.D. Ga. 1993) ("The Court's fee award, therefore, includes a multiplier of approximately 1.83. The Court finds this minimal enhancement of the lodestar appropriate.").

In addition, the substantial work necessitated by this case diverted the time and resources from being put into other matters. *See Yates v. Mobile Cnty. Pers. Bd.*, 719

8

F.2d 1530, 1535 (11th Cir. 1983) ("The expenditure of 1,000 billable hours—and often in significant blocks of time—necessarily had some adverse impact upon the ability of counsel for plaintiff to accept other work, and this factor should raise the amount of the award."); *see also Stalcup v. Schlage Lock Co.*, 505 F. Supp. 2d 704, 708 (D. Colo. 2007) (noting that "the *Johnson* court concluded that priority work that delays a lawyer's other work is entitled to a premium"). Accordingly, the resources devoted to this case supports the reasonableness of Class Counsel's fee request.

Finally, and perhaps most tellingly, only one Settlement Class Member (out of more than 880,000) has raised an objection[5] to the cost and fee award proposed here despite the class notices explicitly advising of both the percentage and amount of the fees requested. Accordingly, the amount of time and labor devoted to this case supports the reasonableness of the cost and fee request.

### 2. The Case Involved Difficult Issues; the Risk of Nonpayment and Not Prevailing on the Claims Was High.

The second, sixth, and tenth *Johnson* factors—the novelty and difficulty of the questions, whether the fee is contingent, and the "undesirability" of the case, respectively—are also interrelated and support the requested cost and fee award.

---

[5] That single objection will be addressed at length in support of the Plaintiff's Motion for Final Approval.

9

This case risked non-payment on several levels. First, and foremost, there was risk on the appellate and administrative level. During this Supreme Court term, there were two cases that, if *either* resolved in the favor of the Defendant, would have eliminated TCPA class actions all together. *See Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 2016 WL 228345 (U.S. 2016) and *Robins v Spokeo, Inc.,* 742 F.3d 409 (9th Cir. 2014) *cert. granted* 135 S. Ct. 1892 (Apr. 27, 2015). Notably, the *Spokeo* matter is still pending. On the administrative level, TCPA claims are constantly under attack by defendants in search of new ways to defeat the intent of the statute. Case law is rapidly evolving and, even now, there are various petitions pending before the FCC that could change the playing field overnight. During this litigation, there was a pending FCC petition to change the definition of an automatic telephone dialing system, which if adopted, may have eliminated that claim for Ms. Mey.

Second, from the inception of the action, and throughout the period Plaintiff and her counsel invested their time and money prosecuting these claims, the parties have litigated this case in the shadow of uncertainty regarding the central legal question presented by this case—whether Interstate, who did not place telemarketing calls to Plaintiff or class members, could be liable for TCPA violations committed by its alleged agents. Courts have been divided on this issue. *Compare Desai v. ADT Sec. Servs., Inc.*, No. 11-1925, 2011 WL 2837435, at *1-3 (N.D. Ill. July 18, 2011) (finding that TCPA liability does not require a party to make a call) *with Thomas v.*

*Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012) (absence of "on behalf of" language in 47 U.S.C. § 227(b)—unlike Section 227(c)(5)—means the entity whose goods are advertised in a prerecorded message is not liable under the TCPA unless traditional vicarious liability principles are satisfied).

Furthermore, the nature of the telemarketing at issue, where a third party makes calls for a number of different auto warranty companies, not simply limited to Interstate, would have caused a significant evidentiary hurdle as well as a question of joint and several liability.

In addition, the ability to recover costs and fees in this case has always been contingent on a successful outcome and substantial recovery. The TCPA does not provide for an award of attorney fees to a prevailing plaintiff. The only way to recover a fee is to be part of a large recovery. Counsel had to advance the costs and fees, and risked receiving nothing in return. This is important, because as other courts in this district have held:

> The contingent nature of fees in this case should be given substantial weight in assessing the requested fee award…The rationale behind awarding a percentage of the fund to counsel in common fund cases is the same as that which justifies permitting contingency fee arrangements in general. The underlying premise is the existence of risk -- the contingent risk of nonpayment . . . . The higher payment due under a contingency fee reflects the fact that the lawyer will realize no return for his investment of time and office expenses in the cases he loses.

*In re Friedman's, Inc.*, 2009 U.S. Dist. LEXIS 43758, *16-17 (N.D. Ga. May 22, 2009). Accordingly, some courts have observed that "[a]ttorneys' risk is perhaps the foremost factor in determining an appropriate fee award." *Francisco v. Numismatic Guar. Corp.*, No. 06-61677, 2007 U.S. Dist. LEXIS 96618 at *35 (S.D. Fla. Jan. 30, 2007).

### 3. Class Counsel Achieved an Excellent Result for the Settlement Class.

The eighth Johnson factor looks to the amount involved in the litigation with particular emphasis on the "monetary results achieved" in the case by class counsel. *See Allapattah Servs., Inc. v. Exxon Corp.*, 454 F.Supp.2d 1185, 1202 (S.D. Fla. 2006).

Here, the parties' mediated Agreement contemplates a potential monetary Settlement Benefit of more than $4.2 million for class members who submit a valid claim form. Once again, each class member who submitted a valid claim will receive their *pro rata* share of the Settlement Fund, which as noted above or on par with the amount per claim in various other TCPA settlements that have been granted final approval. This factor thus weighs strongly in favor of approving the cost and fee amount. This recovery is significant when compared to many other TCPA cases that provided a portion of what each claimant will receive. Furthermore, as shown above, class counsel achieved this settlement in the face of a number of dispositive pending

issues before the United States Supreme Court the Federal Communications Commission, as well as evidentiary hurdles.

In fact, to Plaintiff's counsel's knowledge, this is the largest TCPA settlement in federal court in Georgia's history.

**4. The Requested Fee is Consistent with Other TCPA Class Settlements.**

The fifth and twelfth Johnson factors, the customary fee and awards in similar cases supports approval. Many similar TCPA class settlements provide for one third of the fund.[6] Recently the court in *In re Capital One Tel. Consumer Prot. Act Litig*, 2015 U.S. Dist. LEXIS 17120, *62 (N.D. Ill. Feb. 12, 2015), analyzed dozens of TCPA class settlements throughout the country and determined that a risk adjusted

---

[6] *Charvat v. AEP Energy, Inc.*, Civil Action No. 13-cv-00662 (N.D. Ill. Jan. 16, 2015) (Zagel, J.) (Dkt. No. 44) (awarding one-third of the total common fund); *Jay Clogg Realty Group, Inc. v. Burger King Corporation*, Civil Action No. 13-cv-00662, (D. Md. April 15, 2015) (same); *Kensington Physical Therapy, Inc. v. Jackson Therapy Partners, LLC*, Civil Action No. 11-CV-02467 (D. Md. October 28, 2014) (same);*Gehrich v. Chase Bank, USA, N.A.*, No. 1:12-cv-05510 (N.D. Ill. Aug. 12, 2014) (preliminarily approving attorneys' fees and costs up to $11,000,000 (Feinerman, J.) (Dkt. No. 117) (one-third of the Settlement Fund after subtracting the Dedicated Cy Pres Distribution); *Martin v. Dun & Bradstreet, Inc. et al*, No. 1:12-cv-00215 (N.D. Ill. Jan. 16, 2014) (Martin, J.) (Dkt. No. 63) (awarding one-third fee payment of distributed fund); *Cummings v Sallie Mae*, 12 C-9984 (N.D. Ill. May 30, 2014) (Gottschall, J.) (Dkt. No. 91) (awarding one-third of the common fund for fees); *Hanley v. Fifth Third Bank*, No. 1:12-cv-01612 (N.D. Ill. Dec. 23, 2013) (Castillo, J.) (Dkt. No. 86) (awarding one-third of common fund); *Desai v. ADT Sec. Servs., Inc.*, No. 1:11-cv-01925 (N.D. Ill. June 21, 2013) (Bucklo, J.) (Dkt. No. 243) (approving payment of one-third of common fund); *Paldo Sign and Display Company v. Topsail Sportswear, Inc.*, No. 1:08-cv-05959 (N.D. Ill. Dec. 21, 2011) (Kennelly, J.) (Dkt. No. 116) (approving one-third of the settlement fund plus expenses).

fee structure would provide a fee of 36% for the first $10 million and then lower percentages after that. Accordingly, this factor also favors the agreed cost and attorney fee award proposed here.

### 5. This Case Required a High Level of Skill.

The remaining Johnson factors – the skill required to perform the legal services properly and the experience, reputation, and ability of the attorneys – confirm that the costs and fees sought are reasonable. As shown above, Class Counsel achieved a settlement that confers substantial monetary benefits to the Settlement Class despite the hard fought litigation against a sophisticated and well-financed defendant represented by top-tier counsel. *See In re Sunbeam Sec. Litig.*, 176 F.Supp.2d at 1334 ("In assessing the quality of representation, courts have also looked to the quality of the opposition the plaintiffs' attorneys faced.")

This outcome was made possible by Class Counsel's extensive experience in litigating class actions of similar size, scope, and complexity to the instant action. Class Counsel regularly engage in complex litigation involving consumer issues, and have been lead counsel in numerous TCPA cases. As another Georgia federal court has held, "[the case] presented novel questions of law, and counsel's knowledge and experience in class action litigation were necessary to shepherd the claims through the litigation process. The results obtained for the settlement class are, for reasons already noted, favorable to class members." *Morefield v. NoteWorld, LLC*, 2012 U.S.

Dist. LEXIS 54664 (S.D. Ga. Apr. 18, 2012).

The Johnson factors confirm that the mediated cost and attorney fee award agreed is reasonable.

**C. The Court Should Approve Class Counsel's Costs**

The Settlement Agreement provides for Class Counsel to be reimbursed for costs incurred in the prosecution of this action from the Settlement Benefits. (Agr. ¶ III.G.) As of the filing of this motion, Plaintiff's counsel have expended a total of $72,970. *See* Exhibit 1.

These costs, which are separate and apart from the cost of notice and administration, were expended for the benefit of the Settlement Class and should be reimbursed in full, pursuant to the terms of the Settlement Agreement. *See* Fed. R. Civ. P. 23(h) (permitting counsel to petition for nontaxable costs); *see also Dowdell v. City of Apopka*, 698 F.2d 1181, 1191-92 (11th Cir. 1983) ("[W]ith the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988."). All of these costs have been advanced by counsel for the benefit of the class, and should be approved.

**D. The Incentive Award to the Class Representative Should Be Approved.**

Service awards compensating named plaintiffs for work done on behalf of the class are routinely awarded. Incentive awards are intended to "compensate named Plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Ingram v. Coca-Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001).

Here, the agreed-upon incentive award of $15,000 is entirely reasonable because Ms. Mey's involvement in the litigation was essential to the ultimate success of the settlement. Throughout the extensive litigation, there was never any pre-arrangement or discussion of an award or the potential for an award in exchange for Ms. Mey's service. Nevertheless, the Class Representative dedicated her time and effort to pursuing the claims on behalf of class members, exhibiting a willingness to participate and undertake the responsibilities and risks attendant with bringing a representative action. From start to finish, Ms. Mey aided in the investigation of the claims, consulting with Class Counsel, participating in formal and informal discovery and contributing to the mediation efforts. But for the Class Representative's tireless participation in this litigation, the substantial benefit to the Settlement Class achieved through the settlement would not likely have resulted.

Moreover, the amount requested here, $15,000, is comparable to or less than other awards approved by federal courts in TCPA cases and in this circuit. *Benzion v.*

*Vivint, Inc.*, No. 12-61826, DE 201 (S.D. Fla. Feb. 23, 2015) (awarding $20,000 incentive award in TCPA class settlement); *Desai v. ADT Security Servs., Inc.*, No. 11-1925, DE 243 ¶ 20 (N.D. Ill. Feb. 27, 2013) (awarding $30,000 incentive awards in TCPA class settlement); *See e.g. Nelson v. Mead Johnson & Johnson Co.*, 484 Fed. Appx. 429, 432 (11th Cir. 2012) (unpublished) (awarding $10,000 incentive award); *Ingram v. The Coca Cola Co.*, 200 F.R.D. 685, 694 (N.D.Ga. 2001) (approving $300,000 incentive awards). Accordingly, Class Counsel requests that the Court approve the requested incentive award of $15,000.

## CONCLUSION

For the foregoing reasons, Class Counsel respectfully request that the Court grant the motion and award Class Counsel $1,400,000 million in fees, and $72,970 in costs. Class Counsel further requests that the Court approve a service award to the Class Representative, Diana Mey, in the amount of $15,000.

Respectfully submitted,

_____
/s/*Anthony I. Paronich*
EDWARD A. BRODERICK
ANTHONY PARONICH
Broderick Law, P.C.
99 High St., Suite 304
Boston, MA  02110
(617) 738-7080 Telephone
ted@broderick-law.com
anthony@broderick-law.com

Steven H. Koval
Attorney for Plaintiff
Georgia Bar No. 428905
THE KOVAL FIRM, LLC
3575 Piedmont Road
15 Piedmont Center, Suite 120
Atlanta, GA  30305
Telephone:  (404) 513-6651
Steve@KovalFirm.com

MATTHEW P. MCCUE
The Law Office of Matthew P. McCue
1 South Avenue, Third Floor
Natick, MA 01760
(508) 655-1415 Telephone
(508) 319-3077 Facsimile
mccue@massattorneys.net

*Attorneys for Plaintiff*

Dated:  March 22, 2016

## CERTIFICATE OF RULE 7.1 COMPLIANCE

I hereby certify that on March 22, 2016, pursuant to L.R. 7.1D of the Northern District of Georgia, I hereby certify that this document was prepared in Times New Roman font, 14 point, pursuant to L.R. 5.1(C).

/s/*Anthony I. Paronich*

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2016, I caused the foregoing to be filed through the Court's ECF system, which will effect service upon all counsel of record.

/s/*Anthony I. Paronich*