## IN THE UNITED STATES DISTRICT COURT
## FORTHE NORTHERN DISTRICT OF GEORGIA

DIANA MEY, individually and on
behalf of a class of all persons and
entities similarly situated,

       Plaintiff

vs.

INTERSTATE NATIONAL DEALER
SERVICES, INC.,
ALL AMERICAN AUTO
PROTECTION, INC., DAVID
CUNNINGHAM, and
US DIRECT PROTECT.

       Defendants.

Case No. 1:14-cv-0186-ELR

CLASS ACTION

### DECLARATION OF ANTHONY I. PARONICH IN SUPPORT OF
### PLAINTIFF'S MOTION FOR AN AWARD
### OF ATTORNEY'S FEES AND INCENTIVE AWARD
### IN CONNECTION WITH THE CLASS ACTION SETTLEMENT

    1.    I make this declaration in support of the Plaintiff's Motion for an Award of Attorney's Fees and Incentive Award in Connection with the Class Action Settlement, to set forth my qualifications to serve as class counsel, and to state that in my experience litigating claims under the Telephone Consumer Protection Act, and to disclose the amount of time and expense my law firm has incurred in litigating this matter.

2.     I am an attorney duly admitted to practice in the Commonwealth of Massachusetts, I am over 18 years of age, am competent to testify and make this affidavit on personal knowledge.  I have extensive experience in the prosecution of class actions on behalf of consumers.

**Qualification of Counsel**

3.     I have extensive experience in the prosecution of class actions on behalf of consumers, particularly claims under the Telephone Consumer Protection Act, 47 U.S.C. §227.

4.     I am a 2010 graduate of Suffolk Law School.  In 2010, I was admitted to the Bar in Massachusetts.  Since then, I have been admitted to practice before the Federal District Court for the District of Massachusetts. From time to time, I have appeared in other State and Federal District Courts *pro hac vice*.  I am in good standing in every court to which I am admitted to practice.

5.     Since 2007, I have been an employee at Broderick Law, P.C., where I am currently an associate.

6.     A sampling of other class actions in which I have participated regarding classes of consumers follows:

i.     I assisted class counsel in an action captioned <u>Shonk Land Company, LLC v. SG Sales Company</u>, Circuit Court of Kanswaha

County, West Virginia, Civil Action No. 07-C-1800 (multi-state class action on behalf of recipients of faxes in violation of TCPA, settlement for $2,450,000, final approval granted in September of 2009.

ii.     I assisted class counsel in <u>Mann & Company, P.C. v. C-Tech Industries, Inc.</u>, USDC, D. Mass., C.A. 1:08CV11312-RGS, class action on behalf of recipients of faxes in violation of TCPA, settlement for $1,000,000, final approval granted in January of 2010.

iii.    I assisted class counsel in <u>Evan Fray Witzer v. Olde Stone Land Survey Company, Inc.</u>, Massachusetts Superior Court, Civil Action No. 08-04165 (February 3, 2011) (final approval granted for TCPA class settlement).  This matter settled for $1.3 million.

iv.     I assisted class counsel in <u>Milford & Ford Associates, Inc. and D. Michael Collins vs. Cell-Tek, LLC</u>, USDC, D. Mass. C. A. 1:09-cv-11261-DPW, class action on behalf of recipients of faxes in violation of TCPA, settlement for $1,800,000, final approval granted August 17, 2011 (Woodlock, J.).

v.      I assisted class counsel in <u>Collins v. Locks & Keys of Woburn, Inc.</u>, Massachusetts Superior Court, Civil Action No. 07-4207-

BLS2 (December 14, 2011) (final approval granted for TCPA class settlement). This matter settled for $2,000,000.

vi. I was appointed class counsel in <u>Brey Corp t/a Hobby Works v. Life Time Pavers, Inc.</u>, Circuit Court for Montgomery County, Maryland, Civil Action No. 349410-V (preliminary approval granted for TCPA class settlement). This matter settled for $1,575,000.

vii. I was appointed class counsel in <u>Collins, et al v. ACS, Inc. et al</u>, USDC, District of Massachusetts, Civil Action No. 10-CV-11912 a TCPA case for illegal fax advertising, which settled for $1,875,000.

viii. I was appointed class counsel in <u>Desai and Charvat v. ADT Security Services, Inc.</u>, USDC, NDIL, Civil Action No. 11-CV-1925, settlement of $15,000,000, approved, awarding fees of one third of common fund.

ix. I was appointed class counsel in <u>Kensington Physical Therapy, Inc. v. Jackson Therapy Partners, LLC</u>, 8:11-cv-02467 (D. MD. February 12, 2015) (Grimm, J.), TCPA class settlement of $4,500,000 approved, awarding $1,500,000 in fees plus expenses and approving from the bench my hourly rate of $425.

x.     I was appointed class counsel in <u>Jay Clogg Realty Group, Inc. v.</u>
<u>Burger King Corporation</u>, 13-cv-00662 (D. MD. April 15, 2015)
(Hazel, J.), TCPA class settlement of $8,500,000 approved,
awarding $2,833,333.00 in fees plus expenses and approving from
the bench my hourly rate of $425.

7.     My law firm is monitoring resource levels to ensure that time
and expenses are efficiently utilized to prevent waste and duplication of
effort, and will continue to do so.

8.      With respect to billing practices, my law firm requires their
personnel (attorneys and staff) to keep contemporaneous time records, and
bill their attorneys and staff at rates that are commensurate with their years
of practice in the localities in which they practice.

9.      My compensation for the services rendered to the class is
wholly contingent.  Any fees will be limited to one third of the settlement
fund, together with reimbursement of unreimbursed out of pocket expenses,
subject to the approval of the Court.  I am familiar with the hourly rates of
attorneys of similar background and experience, and my rate of $700 per
hour is comparable to those rates.

11.     From when we first began our factual investigation of
Interstate's practices, through the preparation of these final approval

settlement papers my firm spent 1128.73 hours on this case (not including time or expenses on the petition for attorney's fees and expenses), which at our billing rates of $450 and $700 per hour, results in a total lodestar of fees of $608,776. Additional time will likely be spent addressing and monitoring the implementation of the settlement for the named plaintiffs and the class, and responding to inquiries from class members and others.

12.     Based on my firm's time charges and my co-counsel's current recorded time charges of $216,062.50 the combined Lodestar of both firms is $824,838.50. My hours are tracked in the billing program Timeslips.

13.     Our firm additionally expended a total of $36,784.00for unreimbursed expenses in connection with the prosecution of this litigation for items such as filing fees, deposition transcripts, expert fees, technology consultations to process the hundreds of thousands of pages of discovery documents, and mediation fees.  As is attested in the affidavits of my co-counsel those firms expended $36,186.00 in similar unreimbursed expenses, as such, the combined expenses for both firms is $72,970.00.

14.     The expenses that I incurred pertaining to this case are reflected in the books and records of my firm.  These books and records are prepared from expense vouchers and check records and are an accurate record of the expenses incurred.

SIGNED UNDER PAINS AND PENALTIES OF PERJURY THIS 22nd DAY OF MARCH, 2016.


/s/ Anthony I. Paronich
Anthony I. Paronich

## IN THE UNITED STATES DISTRICT COURT
## FORTHE NORTHERN DISTRICT OF GEORGIA

DIANA MEY, individually and on
behalf of a class of all persons and
entities similarly situated,

        Plaintiff

vs.

INTERSTATE NATIONAL DEALER
SERVICES, INC.,
ALL AMERICAN AUTO
PROTECTION, INC., DAVID
CUNNINGHAM, and
US DIRECT PROTECT.

        Defendants.

Case No. 1:14-cv-0186-ELR

CLASS ACTION

## DECLARATION OF MATTHEW P. MCCUE
## IN SUPPORT OF PLAINTIFF'S MOTION FOR AN AWARD
## OF ATTORNEYS' FEES AND INCENTIVE AWARD
## <u>IN CONNECTION WITH THE CLASS ACTION SETTLEMENT</u>

1.      I make this declaration in support of the Plaintiff's Motion for

an Award of Attorney's Fees and Incentive Award in Connection with the

Class Action Settlement, to set forth my qualifications to serve as class

counsel, and to state that in my experience litigating claims under the

Telephone Consumer Protection Act, and to disclose the amount of time and

expense my law firm has incurred in litigating this matter.

2.      I am an attorney duly admitted to practice in the
Commonwealth of Massachusetts, I am over 18 years of age, am competent
to testify and make this affidavit on personal knowledge.  I have extensive
experience in the prosecution of class actions on behalf of consumers.

### Qualifications of Counsel

3.      I have extensive experience in the prosecution of class actions
on behalf of consumers, particularly claims under the Telephone Consumer
Protection Act, 47 U.S.C.

§227.

4.      I am a 1993 honors graduate of Suffolk Law School.  Following
graduation from law school, I served as a law clerk to the Justices of the
Massachusetts Superior Court.  I then served a second year as a law clerk
for the Hon. F. Owen Eagan, United States Magistrate Judge for the USDC
District of Connecticut.

5.      In 1994, I was admitted to the Bar in Massachusetts. Since then,
I have been admitted to practice before the United States District Court for
the District of Massachusetts, the First Circuit Court of Appeals, the United
States District Court for the District of Colorado and the Sixth Circuit
Court of Appeals.  I frequently appear in federal courts around the United

States *pro hac vice* litigating TCPA claims.

6.      I am in good standing in every court to which I am admitted to practice.

7.      Following my clerkships, I was employed as a litigation associate with the  Boston law firm of Hanify & King.  In 1997, I joined the law firm of Mirick O'Connell  as a litigation associate where I focused my trial and appellate practice on plaintiff's  personal injury and consumer protection law.

8.      In the summer of 2002, I was recognized by the legal publication  Massachusetts Lawyers Weekly as one of five "Up and Coming Attorneys" for my work  on behalf of consumers and accident victims.

9.      In November of 2004, I started my own law firm focusing exclusively on  the litigation consumer class actions and serious personal injury cases.

10.      Since 2004, I have worked extensively on consumer protection cases  involving illegal telemarketing.  I have handled these cases both on an individual basis,  and as consumer class actions.

11.      A sampling of other class actions in which I have represented classes of  consumers follows:

i.      <u>Mey v. Herbalife International, Inc.</u>, USDC, D. W. Va., Civil Action No. 01-C-263M.  Co-lead counsel with Attorney Broderick and  additional co-counsel, prosecuting consumer class action pursuant to TCPA on behalf of nationwide class of junk fax and prerecorded  telephone solicitation recipients.  $7,000,000 class action settlement  preliminarily approved on July 6, 2007 and granted final approval on  February 5, 2008.

ii.      <u>Mulhern v. MacLeod d/b/a ABC Mortgage Company</u>,  Norfolk Superior Court, 2005-01619 (Donovan, J.).  Representing class of Massachusetts consumers who received unsolicited facsimile  advertisements in violation of the TCPA and G.L. c. 93A.  Case  certified as a class action, and I was appointed co-lead counsel with  Attorney Edward Broderick by the Court on February 17, 2006, settlement for $475,000 granted final approval by the Court on July  25, 2007.

iii.      I served as co-counsel on a Massachusetts consumer telemarketing  class action entitled <u>Evan Fray-Witzer, v. Metropolitan Antiques</u>, LLC, NO. 02-5827 Business Session, (Van Gestel, J.).  In this case,  the defendant filed two Motions to Dismiss challenging the plaintiff's right to pursue a private right of action and challenging the statute at  issue as violative of the telemarketer's First Amendment rights.  Both  Motions to Dismiss were denied.  Class certification was then granted  and I was appointed co-lead class counsel.  Companion to this  litigation, my co-counsel and I successfully litigated the issue of  whether commercial general liability insurance provided coverage for  the alleged illegal telemarketing at issue.  We ultimately appealed this issue to the Massachusetts Supreme Judicial Court which issued a  decision reversing the contrary decision of the trial court and finding  coverage.  <u>See Terra Nova Insurance v. Fray-Witzer et  al.</u>, 449 Mass. 206 (2007).  This case resolved for $1,800,000.

iv.      I served as co-class counsel in the action captioned <u>Shonk Land Company, LLC v. SG Sales Company</u>, Circuit Court of Kanawha County, West Virginia, Civil Action No. 07-C-1800 (multi-state class  action on behalf of recipients of faxes in violation of TCPA, settlement  for $2,450,000, final approval granted in September of 2009.

v.      I served as co-class counsel in <u>Mann & Company, P.C. v. C-</u>

Tech Industries, Inc., USDC, D. Mass., C.A. 1:08CV11312-RGS, class action on behalf of recipients of faxes in violation of TCPA, settlement for $1,000,000, final approval granted in January of 2010.

vi.     I served as co-class counsel in Evan Fray Witzer v. Olde Stone Land Survey Company, Inc., Massachusetts Superior Court, Civil Action No. 08-04165 (February 3, 2011) (final approval granted for TCPA class settlement).  This matter settled for $1,300,000.

vii.    I served as co-class counsel in Milford & Ford Associates, Inc. and D. Michael Collins vs. Cell-Tek, LLC, USDC, D. Mass. C. A. 1:09-cv-11261-DPW, class action on behalf of recipients of faxes in violation of TCPA, settlement for $1,800,000, final approval granted August 17, 2011 (Woodlock, J.).

viii.   I served as co-class counsel in Collins v. Locks & Keys of Woburn Inc., Massachusetts Superior Court, Civil Action No. 07-4207-BLS2 (December 14, 2011) (final approval granted for TCPA class settlement).  This matter settled for $2,000,000.

ix.     I was appointed class counsel in Brey Corp t/a Hobby Works v. Life Time Pavers, Inc., Circuit Court for Montgomery County, Maryland, Civil Action No. 349410-V (preliminary approval granted for TCPA class settlement).  This matter settled for $1,575,000.

x.      I was appointed class counsel in Collins, et al v. ACS, Inc. et al, USDC, District of Massachusetts, Civil Action No. 10-CV-11912 a TCPA case for illegal fax advertising, which settled for $1,875,000.  Fee of 33.33% approved, including time submitted at rate of $500 per hour for my work on the case.

xi.     I was appointed class counsel in Desai and Charvat v. ADT Security Services, Inc., USDC, NDIL, Civil Action No. 11-CV-1925, settlement of $15,000,000, approved, awarding fees of one third of common fund.

xii.    I was appointed class counsel in Benzion v. Vivint, 0:12cv61826, USDC S.D.Fla, settlement of $6,000,000 granted final approval.

xiii.    I was appointed class counsel in <u>Kensington Physical Therapy, Inc. v. Jackson Therapy Partners, LLC</u>, 8:11-cv-02467 (D. MD. February 12, 2015) (Grimm, J.), class settlement of $4,500,000 under TCPA approved, awarding $1,500,000 in fees plus expenses and approving my hourly rate of $700.

xiv.    I was appointed class counsel in <u>Jay Clogg Realty Group, Inc. v. Burger King Corporation</u>, 13-cv-00662 (D. MD. April 15, 2015) (Hazel, J.), TCPA class settlement of $8,500,000 approved, awarding $2,833,333.00 in fees plus expenses and approving from the bench my hourly rate of $425.

12.    My law firm is monitoring resource levels to ensure that time and expenses are efficiently utilized to prevent waste and duplication of effort, and will continue to do so.

13.    With respect to billing practices, my law firm requires their personnel (attorneys and staff) to keep contemporaneous time records, and bill their attorneys and staff at rates that are commensurate with their years of practice in the localities in which they practice.

14.    My compensation for the services rendered to the class is wholly contingent.  Any fees will be limited to one third of the settlement fund, together with reimbursement of unreimbursed out of pocket expenses, subject to the approval of the Court.  I am familiar with the hourly rates of attorneys of similar background and experience, and my rate of $700 per hour is comparable to those rates.

15.   From when we first began our factual investigation of Interstate's practices, through the preparation of these final approval settlement papers my firm spent 295 hours on this case (not including time or expenses on the petition for attorney's fees and expenses), which results in a total lodestar of fees of $206,500. Additional time will likely be spent addressing and monitoring the implementation of the settlement for the named plaintiffs and the class, and responding to inquiries from class members and others.

16.   Based on my firm's time charges and my co-counsel's current recorded time charges of $618,338.50 the combined Lodestar of both firms is $824,838.50.

17.   Our firm additionally expended a total of $36,074.00 for unreimbursed expenses in connection with the prosecution of this litigation for items such as filing fees, deposition transcripts, expert fees, technology consultations to process the hundreds of thousands of pages of discovery documents, and mediation fees. As is attested in the affidavits of my co-counsel those firms expended $36,784.00 in similar unreimbursed expenses, as such, the combined expenses for both firms is $72,970.00.

18.   The expenses that I incurred pertaining to this case are reflected in the books and records of my firm.  These books and records are prepared

from expense vouchers and check records and are an accurate record of the

expenses incurred.


SIGNED UNDER PAINS AND PENALTIES OF PERJURY THIS 22nd DAY OF MARCH, 2016.

*/s/ Matthew P. McCue*
Matthew P. McCue

## IN THE UNITED STATES DISTRICT COURT
## FORTHE NORTHERN DISTRICT OF GEORGIA

DIANA MEY, individually and on
behalf of a class of all persons and
entities similarly situated,

       Plaintiff

vs.

INTERSTATE NATIONAL DEALER
SERVICES, INC.,
ALL AMERICAN AUTO
PROTECTION, INC., DAVID
CUNNINGHAM, and
US DIRECT PROTECT.

       Defendants.

Case No. 14-cv-0186-ELR

CLASS ACTION

## DECLARATION OF EDWARD A. BRODERICK
## IN SUPPORT OF PLAINTIFF'S MOTION FOR AN AWARD
## OF ATTORNEY'S FEES AND INCENTIVE AWARD
## IN CONNECTION WITH THE CLASS ACTION SETTLEMENT

1.     I make this declaration in support of the Plaintiff's Motion for an

Award of Attorney's Fees and Incentive Award in Connection with the Class

Action Settlement, to set forth my qualifications to serve as class counsel, and to

state that in my experience litigating claims under the Telephone Consumer

Protection Act, and to disclose the amount of time and expense my law firm has

incurred in litigating this matter.

2.      I am an attorney duly admitted to practice in the Commonwealth of Massachusetts, I am over 18 years of age, am competent to testify and make this affidavit on personal knowledge.   I have been admitted to practice before the United States District Courts for the District of Massachusetts, the District of Michigan and the District of Colorado and the First Circuit Court of Appeals. From time to time, I have appeared in other Federal District Courts *pro hac vice*.  I am in good standing in every court to which I am admitted to practice.  Along with my co-counsel in this action, I will faithfully, effectively and zealously represent the interests of the class in this action.

## Qualifications of Counsel

3.      I have extensive experience in the prosecution of class actions on behalf of consumers, particularly claims under the Telephone Consumer Protection Act, 47 U.S.C. §227. ("TCPA")  As a result of my extensive experience litigating TCPA class claims, I am well-aware of the significant time and resources needed to litigate such actions, and my firm possesses the resources necessary to prosecute these actions successfully. My firm keeps contemporaneous time records, and the rates for our attorneys and personnel are commensurate with my experience and are commensurate with market rates in Boston for attorneys with similar levels of experience.  My hourly rate and that of my partner Anthony Paronich have been

approved as reasonable by numerous state and federal courts in approving settlements.

4.      I am a 1993 graduate of Harvard Law School.  Following graduation from law school, I served as a law clerk to the Honorable Martin L.C. Feldman, United States District Judge in the Eastern District of Louisiana.

5.      Following my clerkship, from 1994 to December 1996, I was an associate in the litigation department of Ropes & Gray in Boston, where I gained class action experience in the defense of a securities class action, Schaeffer v. Timberland, in the United States District Court in New Hampshire, and participated in many types of complex litigation.

6.      From January 1997 to March 2000, I was an associate with Ellis & Rapacki, a three-lawyer Boston firm focused on the representation of consumers in class actions.

7.      In March 2000, I co-founded the firm of Shlansky & Broderick, LLP, focusing my practice on complex litigation and the representation of consumers.

8.      In 2003, I started my own law firm focusing exclusively on the litigation consumer class actions.

9.      A sampling of other class actions in which I have represented classes of consumers follows:

i.  <u>In re General Electric Capital Corp. Bankruptcy Debtor Reaffirmation Agreements Litigation</u> (MDL Docket No. 1192) (N.D. Ill) (nationwide class action challenging reaffirmation practices of General Electric Capital Corporation, settlement worth estimated $60,000,000.)

ii.  <u>LaMontagne, et al. v. Hurley State Bank, et al.</u>, USDC, D. Mass., C.A. No. 97-30093-MAP (nationwide class action challenging reaffirmation practices of the credit services of Radio Shack and other entities);

iii.  <u>Hurley v. Federated Department Stores, Inc., et al</u>, USDC D. Mass. Civil Action No. 97-11479-NG (nationwide class action challenged bankruptcy reaffirmation practices of Federated Department Stores and others; $8,000,000 recovery for class.)

iv.  <u>Berry, et al. v. Stop & Shop Supermarket Company</u>, Middlesex Superior Court, C.A. No. 97-4612 (successful statewide class action brought on behalf of consumers overcharged sales tax on their purchases—obtained full refund).

v.  <u>Valerie Ciardi v. F. Hoffman LaRoche, et al</u>, Middlesex Superior Court Civil Action No. 99-3244D, (class action pursuant to Massachusetts Consumer Protection Act, M.G.L. c. 93A brought on behalf of Massachusetts consumers harmed by price-fixing conspiracy by manufactures of vitamins; settled for $19,600,000.)

4

vi.  <u>Shelah Feiss v. Mediaone Group, Inc, et al</u>, USDC N. District Georgia,
Civil Action No. 99-CV-1170, (multistate class action on behalf of
consumers; estimated class recovery of $15,000,000--$20,000,000.)

vii.  <u>Mey v. Herbalife International, Inc.</u>, USDC, D. W. Va., Civil Action No.
01-C-263M. Co-lead counsel with Attorney McCue and additional co-
counsel, prosecuting consumer class action pursuant to TCPA on behalf
of nationwide class of junk fax and prerecorded telephone solicitation
recipients.  $7,000,000 class action settlement preliminarily approved on
July 6, 2007 and granted final approval on February 5, 2008.

viii.  <u>Mulhern v. MacLeod d/b/a ABC Mortgage Company</u>,  Norfolk Superior
Court, 2005-01619 (Donovan, J.).  Representing class of Massachusetts
consumers who received unsolicited facsimile advertisements in violation
of the TCPA and G.L. c. 93A.  Case certified as a class action, and I was
appointed co-lead counsel with Attorney Matthew McCue by the Court
on February 17, 2006, settlement for $475,000 granted final approval by
the Court on July 25, 2007.

ix.  I served as co-counsel on a Massachusetts consumer telemarketing class
action entitled <u>Evan Fray-Witzer, v. Metropolitan Antiques</u>, LLC, NO.
02-5827 Business Session, Judge Van Gestel.  In this case, the defendant
filed two Motions to Dismiss challenging the plaintiff's right to pursue a

private right of action and challenging the statute at issue as violative of the telemarketer's First Amendment rights.  Both Motions to Dismiss were denied.  Class certification was then granted and I was appointed co-lead class counsel.  Companion to this litigation, my co-counsel and I successfully litigated the issue of whether commercial general liability insurance provided coverage for the alleged illegal telemarketing at issue. We ultimately appealed this issued to the Massachusetts Supreme Judicial Court which issued a decision reversing the contrary decision of the trial court and finding coverage.  See Terra Nova Insurance v. Fray-Witzer et al., 449 Mass. 206 (2007).  This case resolved for $1.8 million.

x.     I served as co-class counsel in the action captioned Shonk Land Company, LLC v. SG Sales Company, Circuit Court of Kanswaha County, West Virginia, Civil Action No. 07-C-1800 (multi-state class action on behalf of recipients of faxes in violation of TCPA, settlement for $2,450,000, final approval granted in September of 2009.

xi.    I served as co-class counsel in Mann & Company, P.C. v. C-Tech Industries, Inc., USDC, D. Mass., C.A. 1:08CV11312-RGS, class action on behalf of recipients of faxes in violation of TCPA, settlement for $1,000,000, final approval granted in January of 2010.

xii.   I served as co-class counsel in Evan Fray Witzer v. Olde Stone Land

6

Survey Company, Inc., Massachusetts Superior Court, Civil Action No. 08-04165 (February 3, 2011) (final approval granted for TCPA class settlement).  This matter settled for $1,300,000.

xiii.   I served as co-class counsel in Milford & Ford Associates, Inc. and D. Michael Collins vs. Cell-Tek, LLC, USDC, D. Mass. C. A. 1:09-cv-11261-DPW, class action on behalf of recipients of faxes in violation of TCPA, settlement for $1,800,000, final approval granted August 17, 2011 (Woodlock, J.).

xiv.   I served as co-class counsel in Collins v. Locks & Keys of Woburn, Inc.., Massachusetts Superior Court, Civil Action No. 07-4207-BLS2 (December 14, 2011) (final approval granted for TCPA class settlement). This matter settled for $2,000,000.

xv.   I was appointed class counsel in Brey Corp t/a Hobby Works v. Life Time Pavers, Inc., Circuit Court for Montgomery County, Maryland, Civil Action No. 349410-V (preliminary approval granted for TCPA class settlement).  This matter settled for $1,575,000.

xvi.   I was appointed class counsel in Collins, et al v. ACS, Inc. et al, USDC, District of Massachusetts, Civil Action No. 10-CV-11912 a TCPA case for illegal fax advertising, which settled for $1,875,000.

xvii.   I was appointed class counsel in Desai and Charvat v. ADT Security

Services, Inc., USDC, NDIL, Civil Action No. 11-CV-1925, settlement of $15,000,000 approved.

xviii.   I was appointed class counsel in Kensington Physical Therapy, Inc. v. Jackson Therapy Partners, LLC, USDC, D. MD, Civil Action No. 11-CV-02467, settlement of $4,500,000 given preliminary approval by Judge Grimm on October 28, 2014.

xix.   I was appointed class counsel in Jay Clogg Realty Group, Inc. v. Burger King Corporation, Civil Action No. 13-cv-00662, USDC, D. MD, TCPA settlement of $8,500,000 approved on April 15, 2015.

xx.   I was appointed as class counsel in a contested class certification in a Do Not Call case arising under the TCPA in Thomas Krakauer v. Dish Network, L.L.C., USDC MDNC, Civil Action No. 1:14-CV-333 on November 9, 2015.

10.  My compensation for the services rendered to the class is wholly contingent.  Any fees will be limited to one third of the settlement fund, together with reimbursement of unreimbursed out of pocket expenses, subject to the approval of the Court.  I am familiar with the hourly rates of attorneys of similar background and experience, and my rate of $700 per hour is comparable to those rates.

11.     From when we first began our factual investigation of Interstate's practices, through the preparation of these final approval settlement papers my firm spent 1128.73hours on this case (not including time or expenses on the petition for attorney's fees and expenses), which at our billing rates of $450 and $700 per hour, results in a total lodestar of fees of $608,776. Additional time will likely be spent addressing and monitoring the implementation of the settlement for the named plaintiffs and the class, and responding to inquiries from class members and others.

12.     Based on my firm's time charges and my co-counsel's current recorded time charges of $216,062.50 the combined Lodestar of the firms is $824,838.50. My hours are tracked in the billing program Timeslips.

13.     Our firm additionally expended a total of $36,784.00for unreimbursed expenses in connection with the prosecution of this litigation for items such as filing fees, deposition transcripts, expert fees, technology consultations to process the hundreds of thousands of pages of discovery documents, and mediation fees. As is attested in the affidavits of my co-counsel those firms expended $36,186.00 in similar unreimbursed expenses, as such, the combined expenses for both firms is $72,970.00.

14.     The expenses that I incurred pertaining to this case are reflected in the books and records of my firm.  These books and records are prepared from expense vouchers and check records and are an accurate record of the expenses incurred.

SIGNED UNDER PAINS AND PENALTIES OF PERJURY THIS 22nd DAY OF MARCH, 2016.

/s/ *Edward A. Broderick*
Edward A. Broderick

**IN THE UNITED STATES DISTRICT COURT
FORTHE NORTHERN DISTRICT OF GEORGIA**

DIANA MEY, individually and on
behalf of a class of all persons and
entities similarly situated,

          Plaintiff

vs.

INTERSTATE NATIONAL DEALER
SERVICES, INC.,
ALL AMERICAN AUTO
PROTECTION, INC., DAVID
CUNNINGHAM, and
US DIRECT PROTECT.

          Defendants.

Case No. 14-cv-0186-ELR

CLASS ACTION

**DECLARATION OF STEVEN H. KOVAL
IN SUPPORT OF PLAINTIFF'S MOTION FOR AN AWARD
OF ATTORNEY'S FEES AND INCENTIVE AWARD
IN CONNECTION WITH THE CLASS ACTION SETTLEMENT**

    1.    I make this declaration in support of the Plaintiff's Motion for an

Award of Attorney's Fees and Incentive Award in Connection with the Class

Action Settlement, to set forth my qualifications to serve as class counsel, and to

state that in my experience litigating claims under the Telephone Consumer

Protection Act, and to disclose the amount of time and expense my law firm has

incurred in litigating this matter.

2.     I am an attorney duly admitted to practice in the State of Georgia, I am over 18 years of age, am competent to testify and make this affidavit on personal knowledge.   I have been admitted to practice before the United States District Courts for the Northern District of Georgia and the Middle District of Georgia.  I am in good standing in every court to which I am admitted to practice. Along with my co-counsel in this action, I will faithfully, effectively and zealously represent the interests of the class in this action.

## Qualifications of Counsel

3.     I have extensive experience in the prosecution of actions on behalf of consumers, particularly claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"), and Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").  I have filed over 135 actions in the Northern District of Georgia on behalf of consumers since 2007.  As a result of my extensive experience litigating individual and class claims under federal consumer protection statues, I am well-aware of the significant time and resources needed to litigate such actions.  I keep contemporaneous time records, and my rates are commensurate with my experience and are commensurate with market rates in Atlanta for attorneys with

similar levels of experience.  My hourly rate has been approved as reasonable by state courts.

4.      I am a 1986 graduate of the Washington College of Law of American University.

5.      Since 2007, my law practice has been focused primarily on representing consumers in FDCPA, FCRA and TCPA actions.

6.      I am presently co-counsel in five putative consumer class actions.

7.      I regularly lecture at state and national conferences on consumer law. Most recently, I spoke at the National Consumer Law Center's 2015 Consumer Rights Litigation Conference on the effects of 1099s in consumers' claims.

8.      Below is a list of my speaking engagements.

    a.    National Consumer Law Center's 2016 FDCPA Conference (Miami) on reasonable attorney's fees in smaller value cases;

    b.    National Consumer Law Center's 2015 Consumer Rights Litigation Conference (San Antonio) on the effects of 1099s in consumers' claims;

    c.    National Association of Consumer Credit Administrators 2015 Annual Conference (Atlanta) on collection agency issues;

    d.    National Consumer Law Center's 2015 FDCPA Conference (San Antonio) on developing a FDCPA practice;

    e.    National Consumer Law Center's 2014 Consumer Rights Litigation Conference (Tampa) on managing a consumer law practice;

    f.    National Consumer Law Center's 2013 Consumer Rights Litigation Conference (Washington, D.C.) on the ABCs of the FDCPA;

    g.    National Consumer Law Center's 2013 FDCPA Conference (Baltimore) on errors to avoid in FDCPA practice and litigation;

    h.    National Consumer Law Center's 2012 Consumer Rights Litigation Conference (Seattle) on errors to avoid in consumer practice and litigation;

    i.    National Consumer Law Center's 2012 FDCPA Conference (New Orleans) on errors to avoid in FDCPA practice and litigation; and

    j.    National Consumer Law Center's 2010 FDCPA Conference (Jacksonville) on litigation privilege and other current FDCPA developments.

9.    From when we first began our factual investigation of Interstate's practices, through the preparation of these final approval settlement papers my firm spent over 22.5 hours on this case (not including time or expenses on the petition for attorney's fees and expenses), which at my billing rate of $450, results in a total lodestar of fees of $ 9,562.50. Additional time will likely be spent addressing and monitoring the implementation of the settlement for the named plaintiffs and the class, and responding to inquiries from class members and others.

10.    Based on my firm's time charges and my co-counsel's current recorded time charges of $815,276.00 the combined Lodestar of the firms is $824,838.50.

11.     Our firm additionally expended a total of $112.00 for unreimbursed expenses in connection with the prosecution of this litigation for items such as filing fees, deposition transcripts, expert fees, technology consultations to process the hundreds of thousands of pages of discovery documents, and mediation fees. As is attested in the affidavits of my co-counsel those firms expended $72,858.00 in similar unreimbursed expenses, as such, the combined expenses for both firms is $72,970.00.

12.     The expenses that I incurred pertaining to this case are reflected in the books and records of my firm.  These books and records are prepared from expense vouchers and check records and are an accurate record of the expenses incurred.


SIGNED UNDER PAINS AND PENALTIES OF PERJURY THIS 22nd
DAY OF MARCH, 2016.

*s/Steven H. Koval*
Steven H. Koval