IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| DIANA MEY, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>INTERSTATE NATIONAL DEALER SERVICES, INC.,<br>ALL AMERICAN AUTO PROTECTION, INC., DAVID CUNNINGHAM, and<br>US DIRECT PROTECT.<br><br>Defendants. | Case No. 1:14-cv-01846-ELR-RGV<br><br>CLASS ACTION |

**FINAL APPROVAL ORDER**

This matter having come before the Court on Plaintiff's motion for final approval (the "Motion for Final Approval") of a proposed class action settlement (the "Settlement") of the above-captioned action (the "Action") between Plaintiff Diana Mey and Defendant Interstate National Dealer Services, Inc. ("Interstate"), pursuant to the parties' Class Action Settlement Agreement and Release (the "Agreement" or the "Settlement Agreement"), and having duly considered all papers filed and arguments presented, the Court hereby finds and orders as follows:

1. Unless defined herein, all defined terms in this Final Approval Order

and accompanying Judgment shall have the respective meanings set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. The Court preliminarily approved the Settlement Agreement and entered the Preliminary Approval Order on January 28, 2016, and notice was given to all members of the Settlement Class under the terms of the Preliminary Approval Order.

4. The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Plaintiff, Settlement Class Members, and Interstate, and supporting declarations. The Court has also read and considered any written objections filed by Settlement Class Members. The Court held a hearing on June 7, 2016, at which time the parties and objecting Settlement Class Members were afforded the opportunity to be heard in support of or in opposition to the Settlement. Furthermore, the Court finds that notice under the Class Action Fairness Act was timely and properly effectuated on January 28, 2016, and that ninety (90) days have passed without comment or objection from any governmental entity.

5. Based on the papers filed with the Court and the presentations made to

the Court at the hearing, the Court now gives final approval to the Settlement and finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement is the result of arm's-length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

6. Under Federal Rule of Civil Procedure 23(c), the Court certifies, for settlement purposes only, the following "Settlement Classes":

CLASS ONE

All persons within the United States who, between June 12, 2010, and January 28, 2016: (1) were called for telemarketing purposes more than once, within a twelve-month period, at such person's telephone number by or on behalf of Interstate; and (2) at the time of the calls, had the telephone number registered on the National Do Not Call Registry.

CLASS TWO

All persons within the United States who were called on a cellular telephone number by or on behalf of Interstate between June 12, 2010, and January 28, 2016.

7. Under Federal Rule of Civil Procedure 23, Diana Mey is hereby appointed as Class Representative and the following are hereby appointed as Class Counsel:

Edward Broderick
Anthony Paronich

BRODERICK & PARONICH, P.C.
99 High St., Suite 304
Boston, MA 02110

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, MA 01760

Steven H. Koval
THE KOVAL FIRM, LLC
3575 Piedmont Road
15 Piedmont Center, Suite 120
Atlanta, GA 30305

8. With respect to the Settlement Classes, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been met, including that the Settlement Classes are sufficiently numerous, that there are questions of law and fact common to members of the Settlement Classes that predominate, that the claims of Ms. Mey are typical of the claims of the Settlement Classes, that Ms. Mey and her counsel adequately represent the interests of the Settlement Classes, and a settlement class action is a superior method of adjudicating this Action.

9. The Court has determined that the Notice given to the Settlement Classes, in accordance with the Notice Plan in the Agreement and the Preliminary Approval Order, fully and accurately informed members of the Settlement Classes of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of due

process, Federal Rule of Civil Procedure 23, and all applicable law.

10. The Court finds that Defendant properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715.

11. All persons whose names were included on the list supplied by Plaintiff as having made timely and valid requests for exclusion are excluded from the Settlement Classes and are not bound by this Final Approval Order and accompanying Judgment.

12. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement, including the releases therein, shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court. Upon the Effective Date, Plaintiff, each and every Settlement Class Member, and the remainder of the Releasing Parties (as defined in the Settlement Agreement) fully, finally, completely, and forever, release, relinquish, acquit, and discharge the Released Parties (as defined in the Settlement Agreement) against all Released Claims, including any and all actual, potential, filed, known or unknown (including Unknown Claims), fixed or contingent, claimed or unclaimed, asserted or unasserted, suspected or unsuspected, material or immaterial, matured or unmatured, anticipated or unanticipated, hidden or concealed, disclosed or undisclosed, accrued or

unaccrued, direct or indirect, individual or representative claims, counterclaims, suits, debts, controversies, promises, losses, sums of money, covenants, assertions, allegations, contentions, actions, demands, liabilities, rights, causes or rights of action, contracts or agreements, extra-contractual claims, damages, punitive, exemplary, or multiplied damages, expenses, costs, attorneys' fees, and/or obligations of any kind or nature whatsoever, whether in law or in equity, based on the TCPA or any other federal law, state law, municipal law, statutory or common law, territorial law, foreign law, contract, regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), or any other law, rule, or regulation against the Released Parties, or any of them, arising out of or relating in any way to any telemarketing, solicitation, or other marketing or dissemination that was made on behalf of Interstate and/or promoted Interstate products or services. This includes, but is not limited to, any telemarketing that was done on behalf of Interstate and/or promoted Interstate products or services by anyone acting on Interstate's behalf or purporting to act on its behalf and any claims based on such marketing arising out of the use of automatic telephone dialing systems and/or an artificial or pre-recorded voice and/or the calling of one or more numbers registered with any national or state do-not-call list, or any federal or state unfair and deceptive practice statutes, invasion of privacy, and/or conversion. The Released Claims include any and all claims that were brought or could have been

brought in the Action.

13. The Court dismisses this Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiff and all Settlement Class Members. The Court adjudges that, upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them.

14. On the Effective Date, the Releasing Parties, and each of them, are forever barred and permanently enjoined from directly, indirectly, representatively, or in any other capacity filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from, any lawsuit, any arbitration, or any administrative, regulatory, or other proceeding against any of the Released Parties in any jurisdiction based on or relating in any way to the Released Claims, and the Releasing Parties, and each of them, are forever barred and permanently enjoined from filing, commencing, or prosecuting any lawsuit individually or as a class action against any of the Released Parties (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) based on or relating in any way to the Released Claims.

15.   The Court further adjudges that upon the Effective Date, the above-described releases and the Settlement Agreement will be binding on and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of the Releasing Parties, and each of them. The Released Parties may file the Settlement Agreement and/or this Final Approval Order and accompanying Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16.   The Plaintiff and all Settlement Class Members shall, as of the Effective Date, conclusively be deemed to have acknowledged that the Released Claims may include claims, rights, demands, causes of action, liabilities, or suits that are not known or suspected to exist as of the Effective Date. The Plaintiff and all Settlement Class Members nonetheless release all such Released Claims against the Released Parties. Further, as of the Effective Date, the Class Representative and all Settlement Class Members shall be deemed to have waived any and all protections, rights, and benefits of California Civil Code section 1542 and any comparable statutory or common law provision of any other jurisdiction.

17.   The benefits and payments described in the Agreement are the only

consideration, fees, and expenses Interstate or the Released Parties shall be obligated to give to the Class Representative, Settlement Class Members, and Class Counsel in connection with the Agreement, the Released Claims, and the payment of attorneys' fees and expenses.

18. The Court further adjudges that any defendants in any future lawsuit, arbitration, or administrative, regulatory, or other proceeding, based on or relating in any way to the Released Claims, are forever barred and permanently enjoined from impleading or otherwise alleging, asserting, prosecuting, or litigating any claims against the Released Parties based on or relating in any way to the Released Claims.

19. Without affecting the finality of this Final Approval Order and accompanying Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement has been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret, and monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement, including the bar orders set forth in paragraphs 14 and 18 above.

20. The Court approves payment of attorneys' fees to Class Counsel in the amount of $1,400,000 plus their costs and expenses of $72,970. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses, and in response to the filed objections thereto, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable, and the Court notes that the class notice specifically and clearly advised the class that Class Counsel would seek the award.

21. The Court approves the incentive fee payment of $15,000 for Diana Mey and specifically finds such amount to be reasonable in light of the service performed by Plaintiff for the class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

22. The Agreement and this Order are not admissions of liability or fault by Interstate or the Released Parties, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by Interstate or the Released Parties. The Agreement and settlement are not a concession by Interstate or the Released Parties, and neither this Order or Judgment, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence or used in any way in any pending or

future civil, criminal, or administrative action or any other proceeding to establish any liability or wrongdoing of, or admission by, Interstate, the Released Parties, or any of them. Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this Order or the Judgment in a proceeding to consummate or enforce the Agreement or Judgment, or to defend against the assertion of Released Claims in any other proceeding. All other relief not expressly granted to the Settlement Class Members is denied.

23. Any objections to the Settlement Agreement are overruled and denied in all respects. The Court finds that no just reason exists for delay in entering this Final Approval Order and accompanying Judgment. Accordingly, the Clerk is hereby directed forthwith to enter this Final Approval Order and accompanying Judgment.

DATED: June 7, 2016

*Eleanor L. Ross*
Honorable Eleanor L. Ross
United States District Court