IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| DIANA MEY, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>INTERSTATE NATIONAL DEALER SERVICES, INC.,<br>ALL AMERICAN AUTO PROTECTION, INC., DAVID CUNNINGHAM, and<br>US DIRECT PROTECT.<br><br>Defendants. | Case No. 1:14-cv-01846-ELR-RGV<br><br>CLASS ACTION |

## **FINAL JUDGMENT**

For the reasons set forth in this Court's Final Approval Order, in the above-captioned matter as to the following classes of persons:

CLASS ONE

All persons within the United States who, between June 12, 2010, and January 28, 2016: (1) were called for telemarketing purposes more than once, within a twelve-month period, at such person's telephone number by or on behalf of Interstate National Dealer Services, Inc. ("Interstate"); and (2) at the time of the calls, had the telephone number registered on the National Do Not Call Registry.

CLASS TWO

All persons within the United States who were called on a cellular telephone line by or on behalf of Interstate, between June 12, 2010, and January 28, 2016.

**JUDGMENT IS HEREBY ENTERED**, pursuant to Federal Rule of Civil Procedure 58, as to the above-specified classes of persons, Plaintiff Diana Mey (the "Class Representative"), and Interstate and the Released Parties, on the terms and conditions of the Class Action Settlement and Release (the "Settlement Agreement") approved by the Court's June 7, 2016, Final Approval Order.

1. The Court, for purposes of this Final Judgment, adopts the terms and definitions set forth in the Settlement Agreement incorporated into the Final Approval Order.

2. All Released Claims of the Releasing Parties are hereby released as against Defendants and all other Released Parties, as defined in the Settlement Agreement.

3. The claims of the Class Representative and the Settlement Classes are dismissed on the merits and with prejudice in accordance with the Court's Final Approval Order.

4. The Parties shall bear their own costs and attorneys' fees, except as otherwise set forth in the Final Approval Order.

5. This document constitutes a final judgment and separate document for

purposes of Federal Rule of Civil Procedure 58(a).

6.     The Court finds, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, that this Final Judgment should be entered and that there is no just reason for delay in the entry of this Final Judgment as to Plaintiffs and Defendants. Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

**IT IS SO ORDERED.**

**JUDGMENT ENTERED** this _15th_ day of June, 2016.

_____
Honorable Eleanor L. Ross
United States District Court